PER CURIAM.
On this appeal, the City of Summit (City) contends that Overlook Hospital Association (Hospital) is not entitled to tax exempt status under N.J.S.A. 54:4-3.6 for certain parcels of property owned by it in which various categories of its personnel were housed. The City attacks the findings of the Tax Court judge that housing for certain hospital employees was “reasonably necessary” for the proper functioning of the hospital. It contends that these findings conflict with the interpretation of N.J.S.A. 54:4-3.6 given in City of Long Branch v. Monmouth Medical Center, 138 N.J.Super. 524, 532, 351 A.2d 756 (App.Div.1976), aff’d 73 N.J. 179, 373 A.2d 651 (1977). The City concedes that it was reasonable to provide housing for certain physician-students but not for those engaged in the study of radiology and x-ray technology, since they are rarely called upon for emergency patient care. Plaintiff concedes the *439 need to provide housing for registered nurses, but not for licensed practical nurses who occupied a large number of the housing units. The exemption for property housing certain administrative personnel is also challenged. For its part, on its cross-appeal, the Hospital contends that the Tax Court judge erred in concluding that Block D-43, Lot 6, was not exempt for the year 1975. That parcel was used to house a mechanical maintenance man in that year.
The findings and conclusions of Judge Hopkins in the Tax Court are amply supported by credible evidence. Accordingly, we reject the contentions made on the appeal and cross-appeal and affirm his determination substantially for the reasons given in his written opinion, 4 N.J.Tax 183. R. 2:11 — 3(e)(1)(A); see City of Long Branch v. Monmouth Medical Center, supra.
The City also contends on this appeal that the “reasonably necessary” standard for the exemption established by the Monmouth Medical Center case, supra, incorrectly interprets the meaning of N.J.S.A. 54:4-3.6. As to this contention, we respectfully defer to the Supreme Court. The Supreme Court adopted this court’s opinion in that case.
Affirmed.