CRABTREE, J.T.C.
Plaintiff seeks review of a judgment of the Bergen County Board of Taxation granting property tax exemption for tax year 1985 to real property owned by defendant and situated at 193 Essex Street, Hackensack, New Jersey (Block 100-H, Lot 14). The case is before this court on cross-motions for summary judgment and a stipulation of facts.
The sole issue is defendant’s entitlement to exemption pursuant to N.J.S.A. 54:4-3.6 for a parking lot used exclusively by defendant’s employees.
Defendant medical center is a nonprofit corporation organized under Title 15 of the New Jersey Revised Statutes. It operates a 500-bed general hospital located on Second Street in plaintiff taxing district. To meet Hackensack’s zoning requirements related to off-street parking, defendant acquired the subject property in August 1983 and improved it with paving, gating, fencing and a guardhouse. The guardhouse is the only structure on the premises. The property contains 278 parking spaces, which are used exclusively by defendant’s employees.
The parking lot is four to five blocks from the hospital; and defendant provides a shuttle bus to transport its employees between the parking lot and the hospital.
In or about October 1983 defendant applied for tax exemption with respect to the parking lot for tax year 1984. Plaintiff’s assessor denied the application on October 11, 1983 and no appeal was taken from such denial. No application was filed for 1985.
The relevant statute is N.J.S.A. 54:4-3.6, which exempts:
all buildings actually used in the work of associations and corporations organized exclusively for hospital purposes ...; [together with] the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed five acres in extent; ... [Emphasis supplied]
Plaintiff does not dispute defendant’s contention that the parking lot is reasonably necessary to the operation of the *462 hospital. Indeed, it has been held that ancillary facilities such as parking lots and residences for nurses, resident physicians and laboratory technicians may be exempt from taxation as reasonably necessary to hospital operations even though the facilities are some distance removed from the hospital. Overlook Hospital Ass’n v. Summit, 6 N.J.Tax 90 (Tax Ct.1983), aff’d per curiam 6 N.J.Tax 350 (App.Div.1984); Summit v. Overlook Hospital Ass’n, 4 N.J.Tax 183 (Tax Ct.1982) aff’d o.b. per curiam 6 N.J.Tax 438 (App.Div.1984); Perth Amboy General Hospital v. Perth Amboy, 176 N.J.Super. 307, 422 A.2d 1331 (App.Div.1980). See New Brunswick v. Rutgers Community Health Plan, Inc., 7 N.J.Tax 491, 506 (Tax Ct.1985).
Plaintiff argues, however, that, for land to be exempt under the statute, it must either contain a building or be contiguous to land upon which a building has been erected. Plaintiff is correct.
Land is exempt under N.J.S.A. 54:4-3.6 only as an incident to the exemption of buildings erected thereon. Englewood Cliffs v. Allison’s Estate, 69 N.J.Super. 514, 174 A.2d 631 (App.Div. 1961); Salvation Army v. Alexandria Tp., 2 N.J.Tax 292 (Tax Ct.1981). In Allison’s Estate the court declared:
[T]he statute which confers tax benefits upon non-profit organizations applies by its terms to buildings used for schools, churches, hospitals, and the like, and only exempts land as an incident of the exemption of the buildings upon it.. [ 69 N.J.Super. at 519, 174 A.2d 631]
The guardhouse on the parking lot does not constitute a “building” within the contemplation of the statute. Fairleigh Dickinson University v. Florham Park, 5 N.J.Tax 343 (Tax Ct.1983). Cf. Salvation Army v. Alexandria Tp., supra (tent platforms were not “buildings”).
Our Supreme Court observed in Boys’ Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 371 A.2d 22 (1977):
Initially we note that the question of tax exempt status is directed only at lot 1A, Block 320. The Township has not assessed lot 15, Block 307 for either of the years in question, 1971 and 1972, and apparently concedes its tax exempt status. Lot 1A, Block 320, being a vacant tract, can only attain tax exempt status, however, on the basis of the buildings located on lot 15. N.J.S.A. 54:4-3.6 makes it quite clear that the only land which may be exempt is that on which a building is erected and which “may be necessary for the fair enjoyment” of that building, [at 397, 371 A.2d 22]
*463 In that case the exemption of vacant land was upheld solely because it adjoined other land of the claimant upon which buildings had been erected.
In the case sub judice the parking lot does not adjoin defendant’s land upon which the hospital has been erected. Rather, the parking lot is several blocks away and no buildings, as that term is used in the exemption statute, have been erected thereon. The fact that, as defendant argues, the parking lot may be reasonably necessary to the operation of the hospital is irrelevant.
The foregoing construction of N.J.S.A. 54:4-3.6 is consistent with the salutary principle that tax exemptions are not favored and exemption statutes are strictly construed against those claiming to be exempt. Princeton University Press v. Princeton, 35 N.J. 209, 172 A.2d 420 (1961); Bloomfield v. Academy of Medicine of N.J., 47 N.J. 358, 221 A.2d 15 (1966).
In view of the court’s disposition of the substantive issue, the remaining claims of the parties are moot and need not be addressed.
Valuation was not placed in issue by the pleadings. Accordingly, the judgment of the county board is reversed and the original assessment will be restored.