228 N.J. Super. 310 (1988)
549 A.2d 869
CITY OF HACKENSACK, PLAINTIFF-RESPONDENT,
v.
HACKENSACK MEDICAL CENTER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1988.
Decided October 18, 1988.
*311 Before Judges PETRELLA and LANDAU.
Robert M. Jacobs argued the cause for appellant (Winne, Banta, Rizzi, Hetherington & Basralian, attorneys; Robert M. Jacobs, of counsel; Robert M. Jacobs and Bruce R. Rosenberg, on the brief).
Steven Muhlstock argued the cause for respondent (Gittleman, Muhlstock & Meyers, attorneys; Steven Muhlstock, on the brief).
*312 PER CURIAM.
The Hackensack Medical Center, a hospital which is concededly exempt from taxation under N.J.S.A. 54:4-3.6, appeals from the judgment of the Tax Court which reversed the county tax board's grant of a local property tax exemption to it for an employee parking lot for some 276 vehicles and a guard shack[1] about four blocks from the hospital. The Tax Court agreed with the City of Hackensack's objection to the tax exemption granted by the county tax board for the parking lot and held that the lot is not exempt from local property taxes because it does not adjoin the land upon which the hospital buildings have been erected.
The hospital argues on its appeal that the Tax Court erred in making an unduly harsh and narrow application of the exemption provisions of N.J.S.A. 54:4-3.6. It also asserts that the hospital should be permitted to utilize examples of other assessments and exemptions to challenge the lack of uniformity of the municipality's actions.
We agree with the analysis of the Tax Court that the language of the exemption statute requires that the buildings be on the land or contiguous to the land on which it has been erected for the exemption to apply. N.J.S.A. 54:4-3.6. As noted by the Tax Court judge, tax exemptions are not favored and exemption provisions are strictly construed against those claiming the exemption. Amerada Hess Corp. v. Div. of Tax, 107 N.J. 307, 320.(1987); Bloomfield v. Academy of Medicine, 47 N.J. 358, 363 (1966); Princeton University Press v. Princeton, 35 N.J. 209, 214 (1961). Notwithstanding the facial appeal of the hospital's arguments in favor of exemption based on the ancillary nature of the parking lot, and the fact that the parking area was required by Hackensack as a condition to *313 enlargement of the hospital facilities, we are not free to change the statutory scheme. Complex policy questions might then arise as to such matters as how far from the exempt property a parking lot could be located and still allow exemption. The appropriate forum to enlarge the narrow frame of the statute should be the legislative branch of state government.
The Tax Court opinion did not specifically address the hospital's claim that it should be permitted to utilize examples of other assessments and exemptions to challenge the lack of uniformity of the actions of the City of Hackensack. The hospital argued this point based on exemptions granted to other tax exempt organizations and nearby parking lots. The trial judge considered the remaining issues, including this one, moot in light of its decision.
We conclude that the status of other tax exemptions is irrelevant with respect to the hospital's claim for exemption for the parking lot involved here.[2] The argument that someone else may have received improper tax treatment does not entitle the taxpayer to an exemption not authorized by statute. Rather, it may give rise to ground for any taxpayer in the taxing district to challenge such exemption. See N.J.S.A. 54:3-21; Atrium Development Corp. v. Continental Plaza Corp., 214 N.J. Super. 639, 642-643 (App.Div. 1987), app. dism. 108 N.J. 590 (1987); Post v. Warren Point Volunteer Firemen's Assoc., 19 N.J. Misc. 367, 368 (Bd. of Tax Appeals 1941).
We affirm substantially for the reasons expressed by Judge Crabtree in his published opinion reported at 9 N.J. Tax 460 (Tax Ct. 1988).
NOTES
[1] There is no claim that the guard shack would qualify as a building. See opinion below. 9 N.J. Tax 460, 462.
[2] We are not concerned with valuation which was not disputed here. Nor are we confronted with the type of pre-Chapter 123 situation referred to in In re Appeals of Kentz etc., 34 N.J. 21, 25 (1961), where then Chief Justice Weintraub called "illusory" the remedy of an appeal to bring all other assessments up to the true value standard.