BIANCO, Acting P.J.T.C.[1]
Defendants, Trustees of Princeton University and Princeton University (collectively “Princeton”), move for the entry of an order establishing that the burden of proof in these matters is upon plaintiffs, Kenneth Fields, Mary Ellen Merino, Joseph King, and Kathryn King, and the Estate of Eleanor J. Lewis (collectively the “Taxpayers”), who are challenging the property tax exemption granted to Princeton for the tax years at issue. The Taxpayers oppose the motion, arguing that the burden is always with the party claiming an exemption from taxation, and not with the party challenging the granting of an exemption. Defendant, Borough of Princeton[2] (the “Municipality”), supports the motion.
*578 For the reasons set forth in this opinion, the court is satisfied that Princeton bears the burden in these matters as the party claiming an exemption from taxation. Accordingly, Princeton’s motion is denied.

FACTS AND PROCEDURAL HISTORY

In 2011, the Taxpayers filed a complaint challenging the property tax exemptions that had been granted by the Municipal Tax Assessor (“Assessor”) for twenty-one individual parcels owned by Princeton. After the Assessor continued to grant the exemptions in 2012, 2013, and 2014 for these and other parcels owned by Princeton, four of the original Taxpayers[3] filed complaints in 2014 and 2015 challenging Princeton’s exemption in toto. In the 2011 matter, the Tax Court refused to dismiss the suit on motion for partial summary judgment; no appeal was taken. Princeton then moved to dismiss both the 2014 and 2015 complaints before this court, which motion was also denied. This time, Princeton appealed for interlocutory relief to the Appellate Division; the higher court denied Princeton’s motion for leave to appeal on the 2014 and 2015 matters.
On July 14, 2015, Princeton moved for a determination as to which party has the burden of proof in these matters, and submitted a brief supporting a court order placing that burden on the Taxpayers. In response, the Taxpayers submitted a memorandum in opposition. The Municipality did not submit a brief either in support of, or in opposition to, Princeton’s motion. At argument, however, the Municipality’s counsel argued in support of the motion. Oral argument was heard in Trenton[4] on September 17, 2015.

*579
ANALYSIS

It is long-established under New Jersey ease law that, “[o]n appeal a municipality’s original tax assessment is entitled to a presumption of validity.” Pantasote Co. v. Passaic, 100 N.J. 408, 412, 495 A.2d 1308, (1985) (citing Riverview Gardens Inc., Section One, v. Borough of North Arlington, 9 N.J. 167, 174, 87 A.2d 425 (1952) (“There exists a presumption in favor of the quantum of the tax assessment made by the local taxing authority, and the burden is on the taxpayer to prove otherwise.”)). Accordingly, “[b]ased on this presumption, the appealing taxpayer has the burden of proving that the assessment is erroneous.” Pantasote Co., supra, 100 N.J. at 413, 495 A.2d 1308. “The presumption in favor of the taxing authority can be rebutted only by cogent evidence.” Ibid. (citing Riverview Gardens Inc., supra, 9 N.J. at 175, 87 A.2d 425). “The strength of the presumption is exemplified by the nature of the evidence that is required to overcome it. That evidence must be ‘definite, positive and certain in quality and quantity to overcome the presumption.’ ” Ibid. (citing and quoting Aetna Life Ins. Co. v. City of Newark, 10 N.J. 99, 105, 89 A.2d 385 (1952)).
However, while the presumption of correctness attaches to the valuation of the property, the party claiming a property tax exemption “must meet all of the ... criteria [and] ... [w]herever there is doubt as to eligibility, the burden of proof is on the applicant.” Handbook for New Jersey Assessors, Local Property, Division of Taxation, §§ 1105.11; 412.08 (4th ed. revd. 2015).[5] See also International Schools Services, Inc. v. Township of West Windsor, 207 N.J. 3, 24, 21 A.3d 1166 (2011) (finding that “the burden is on the claimant to establish the right to the exemption.”).
*580 The party claiming the exemption must meet this stringent standard because the
The fundamental approach of our statutes is that ordinarily all property shall bear its just and equal share of the public burden of taxation. As the existence of government is a necessity, taxes are demanded and received in order for government'to function. 51 Am.Jur., Taxation, § 9 at 42. Statutes granting exemption from taxation represent a departure and consequently they are most strongly construed against those claiming exemption. (Township of Teaneck v. Lutheran Bible Inst., 20 N.J. 86, 90, 118 A.2d 809 (1955); Julius Roehrs Co. v. Div. of Tax Appeals, 16 N.J. 493, 497-98, 109 A.2d 611 (1954)). The burden of proving a tax-exempt status is upon the claimant.
[Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214, 172 A.2d 420 (1961)]
See also Handbook for Assessors, supra, § 408.01.
Princeton argues that placing the burden of proof on the defendants in a third-party exemption challenge (where the property owner and the municipality would always be defendants), erroneously places that burden on the municipal defendant,[6] abolishes the presumption of validity, and results in poor public policy that would “allow every citizen to overturn the tax assessor’s exemption determinations.”
Princeton also asserts there is a “critical” difference between exemption cases where an assessor denied the exemption, as opposed to cases like this, where the Assessor has granted the exemption. Under the latter, while seemingly conceding that the burden is indeed on the “claimant,” Princeton contends that it is the Taxpayers who are actually the “claimant,” or the “challenging taxpayer.”
Princeton’s arguments defy firmly established precedent that “the party seeking exemption under [a statute granting exemption from property taxation] bears the burden of proving that the bases for it have been established.” International Schools, supra, *581 207 N.J. at 15, 21 A.3d 1166. See also Princeton Univ. Press, supra, 35 N.J. at 214, 172 A.2d 420 (“all property shall bear its just and equal share of the public burden of taxation.”); Hunterdon Med. Ctr. v. Township of Readington, 22 N.J.Tax 302, 315 (Tax 2005) (“a court must apply the principle of statutory interpretation generally applicable to exemption claims, namely, that ‘statutes granting exemptions from taxation are to be strictly construed against those seeking exemption,’ [quoting Paper Mill Playhouse v. Township of Millburn, 95 N.J. 503, 506, 472 A.2d 517 (1984) ] but the statutory language and legislative intent should not be distorted”), aff'd in part, rev’d in part, remanded on other grounds, 195 N.J. 549, 951 A.2d 931 (2008).
1. The Presumption of Validity or Correctness
Princeton insists that the presumption of validity afforded an assessor’s original valuation assessment for tax purposes, also extends to an assessor’s exemption determinations. According to Princeton, if it had to bear the burden of proof when, as here, its approved property tax exemption is challenged by third-parties, the long-standing principle that decisions of the assessor are afforded a presumption of validity would be abolished. The court rejects this argument.
The cases Princeton cites that allegedly stand for this principle do not involve exemption but rather are challenges made to the assessor’s determination as to the assessed value of the property. See Pantasote, supra, 100 N.J. at 412-13, 495 A.2d 1308, (a case relied upon by Princeton, that involved a challenge to the assessor’s determination of the value of the assessment, not an exemption in which the Court found that the presumption of validity “attaches to the quantum of the tax assessment.”); and see Clemente v. Township of South Hackensack, 27 N.J.Tax 255, 265 (Tax 2013), aff'd, 28 N.J.Tax 337 (App.Div.2015), (another case relied upon by Princeton that concerned a challenge to value.)
An assessor is not an administrative agency or an official of one and is deemed to be independent in assessing property according to law. In Gale & Kitson Fredon Golf, L.L.C. v. *582 Township of Fredon, 26 N.J.Tax 268 (Tax 2011), this court found that
a [tax assessor] is an agent of the Legislature, and his discretionary judgment is reviewable only through the administrative and judicial processes provided by law. Although his jurisdiction is local, his powers and duties are prescribed by the Legislature, and it is of paramount importance that the integrity of his office be in no way diluted by local interference.
[Id. at 286 (citing Mobil Oil Corp. v. Township of Greenwich, 20 N.J.Tax 66, 81 (Tax 2002)).]
There is no dispute why assessors are granted such deference in valuation cases, given the amount of specialized and first-hand knowledge that goes into the valuation process. Assessors have been proffered as experts in real estate appraisal in local property tax appeals. See e.g. Trap Rock Indus. v. Township of Franklin, 4 N.J.Tax 445, 454 (Tax 1981) (“assessor testified at trial as a valuation expert”), aff'd, 4 N.J.Tax 456 (App.Div.1982). Cf. Metromedia, Inc. v. Director, Division of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984) (finding that in tax matters “the Director’s expertise, particularly when exercised in the specialized and complex area covered by these provisions of the Act, is entitled to great respect by the courts.”) (emphasis added).[7]
There is, however, a clear difference between the process for valuation assessments and that of exemption determinations.[8] *583 While the former involves extensive experience and first-hand knowledge of the property being assessed, the real estate appraisal process, and the marketplace, the latter is an evaluation based significantly on the reliability of representations made by the applicant in the paperwork submitted in support of the application for exemption, and of the actual use of the property for which a tax exemption is claimed. Documents such as certificates of incorporation, bylaws, and charters submitted for exemption determination, might not necessarily reflect the actual use of the property, especially if the property has changed dramatically over time. See, e.g. Fountain House of New Jersey, Inc. v. Township of Montague, 13 N.J.Tax 387, 399-400 (Tax 1993) (“To examine merely the formalities of organization without examining the actual conduct (activities) of the corporation thereafter, would result in the elevation of form over substance” which could not have been “the legislature’s intent” in enacting “N.J.S.A. 54:4-3.6”).
Moreover, the determination of an exemption is more properly one of statutory and case law interpretation than one *584 requiring any special expertise possessed of an assessor. This court, by analogy, has previously determined that “[i]n a proceeding in the Tax Court there is a presumption of correctness in favor of the county board judgment [with regard to value determinations] ... Statutory interpretation, however, is a question of law ... and ‘statutory construction is ultimately a judicial function.’ ” O’Rourke v. Fredon, 25 N.J.Tax 443, 450 (Tax 2010) (citations omitted). See also MacDonald v. Shaker Heights Bd. of Income Tax Review, 2015 WL 4937143, **1, **4, 2015 Ohio LEXIS 2085, **1, **8-9 (Ohio 2015) (“The appellate decisions in tax cases do not indicate that any deference is owed to the municipal tax board on issues of law.”) (citations omitted). This court finds no justification why the same reasoning would not apply equally to an assessor, as it does to a county board of taxation.
Accordingly, Princeton’s argument that the presumption of validity extends to the exemption determinations made by the Assessor is unpersuasive and unsupported by ease law and statute. The court is satisfied that the presumption of validity afforded the Assessor’s original tax assessments does not extend to tax exemptions.
2. Burden of Proof
Princeton further argues that when third-parties are challenging an assessor’s exemption determination, those third parties are in fact the claimants and therefore bear the burden of proof. This contention must also be rejected. Princeton has failed to present any convincing argument why simply because there is a third-party challenging a tax exemption, the burden should shift from the claimant of the exemption to said challenger of the exemption.
It is firmly established within the body of law related to tax exemptions that “[t]he burden of proof is upon him who asserts a tax exemption to establish the asserted right.” Jamouneau v. Div. of Tax Appeals, 2 N.J. 325, 330, 66 A.2d 534 (1949). Moreover, “[i]t is a fundamental legal tenet that a statute granting exemption from property taxation, such as N.J.S.A. 54:4-3.6, is *585 subject to strict construction and, further, that the party seeking exemption under its terms bears the burden of proving that the bases for it have been established.” International Schools, supra, 207 N.J. at 15, 21 A.3d 1166 (citations omitted) (emphasis added.). The court is satisfied that the party asserting the exemption is the claimant, not the party challenging an exemption.
The language from the Handbook for New Jersey Assessors, supra, also draws a clear distinction between the burden of proof in assessment/valuation cases, where the challenger bears the burden of overcoming the strong presumption of validity granted to the assessment set by an assessor, and exemption cases, where the burden is on the property owner seeking the exemption. Id. at §§ 110.5.11, 408.01.
Furthermore, when the challenger of a property tax exemption is the municipality proper (which is typically the case), the ease law is clear that “the burden of proving tax-exempt status is always upon the claimant, even when ... the taxing district initiates the action ... to overturn a county board judgment.” Township of West Orange v. Joseph Kushner Hebrew Acad., 13 N.J.Tax 48, 52 (Tax 1993). “The burden of persuading the Tax Court that a tax exemption is merited is on the claimant ‘even when the county board has granted exemption and the appeal is by the municipality.’ ” Borough of Hamburg v. Trustees of the Presbytery of Newton, 28 N.J.Tax 311, 317 (Tax 2015) (emphasis added) (citing and quoting Woods Court v. Borough of Woodstown, 12 N.J.Tax 197, 203 (Tax 1992)). See also Town of Secaucus v. Jersey City, 19 N.J.Tax 10, 43 (Tax 2000) (where the third party challenger was another municipal government challenging the grant of a tax exemption to an urban renewal corporation, the court held that the corporation had “the burden of proving qualification for the exemption”).
This court can find no compelling reason why an appeal by third-party taxpayers challenging a tax exemption granted by either an assessor or a county board of taxation should be treated any differently than a similar appeal instituted by the taxing district. Moreover, should the Taxpayers ultimately prevail in *586 these matters, any benefit derived therefrom would inure to all the taxpayers in the Municipality, just as if the Municipality successfully challenged Princeton’s exemption itself.
3. Public Policy
“Public policy is a very unruly horse, and when once you get astride it you never know where it will carry you. It may lead you from the sound law. It is never argued at all but when other points fail.” Richardson v. Mellish, 2 Bing. 229, 252, 9 Eng. Com. L.R. 557 (1824). Princeton’s public policy argument here is no more convincing than its previous arguments. The court finds no foreseeable danger that there will be a mass citizen uprising to usurp every tax exemption granted as Princeton seems to assert.[9] The context of public policy considerations at issue here is much broader than the simplistic “flood gates of litigation” fears raised by Princeton. In that regard, it appears to the court that the more compelling public policy concerns in these matters rest squarely on the side of the Taxpayer’s right to challenge the exemption, and for Princeton to prove it meets the criteria for the exemption.[10]
While Princeton disputes the standing of the Taxpayers to institute this litigation,[11] the court is satisfied that a third-party *587 taxpayer’s right to appeal a tax exemption granted to another party in the taxing district is firmly established within the provisions of N.J.S.A. 54:3-21. See Post v. Warren Point Volunteer Firemen’s Ass’n, 19 N.J. Misc. 367, 367-68, 19 A.2d 636 (1941) (finding that a taxpayer “has certainly been discriminated against ... if an improper exemption has been allowed by the assessor in favor of property owned by others.”); see also City of Hackensack v. Hackensack Med. Ctr., 228 N.J.Super. 310, 313, 549 A.2d 869 (App.Div.1988) (concluding “that someone [who] may have received [an] improper [tax exemption] ... may give rise to ground for any taxpayer in the taxing district to challenge such exemption.”) Subsection (a)(1) of N.J.S.A. 54:3-21 provides in pertinent part that
Except as provided in subsection b. of this section a taxpayer ... feeling discriminated against by the assessed valuation of other property in the county ... may [by the statutory date] appeal to the county board of taxation ... [or] ... directly with the Tax Court [depending upon] the assessed valuation of the property subject to the appeal ... [12]
[N.J.S.A. 54:3-21(a)(1) ]
Subsection (b) then provides in pertinent part that
No taxpayer ... shall be entitled to appeal either an assessment or an exemption or both that is based on a financial agreement subject to the provisions of the “Long Term Tax Exemption Law” [C.40A:20-1 et seq.] under the appeals process set forth in subsection a. of this section.
[N.J.S.A. 54:3-21(b) ] (emphasis added).
Because the tax exemption in these matters is not “subject to the provisions of the ‘Long Term Exemption Law,’ ” then, by implication of both subsections (a)(1) and (b), when read in conjunction, the Taxpayers have the right to appeal Princeton’s exemption.
It is well established that
As with any statute, the primary goal of the court is to effectuate the legislative intent. Cosmair, Inc. v. Director, Div. of Taxation, 109 N.J. 562, 570 [538 A.2d 788] (1988)____ Further, a statutory enactment cannot be deemed as a meaningless exercise by our Legislature and must be interpreted to have some purpose. See Flexx Petroleum Corp. v. Director, Div. of Taxation, 12 N.J.Tax 1, 12 (Tax 1991) (court must avoid any interpretation ‘that will render any part of a statute *588 inoperative, superfluous or meaningless’ or ‘attribute to the Legislature a deliberate attempt to make a meaningless change’).
[Beljakovic v. Director, Div. of Taxation, 26 N.J.Tax 455, 463 (Tax 2012) ]
If a taxpayer does not have the right under N.J.S.A. 54:3-21 to “appeal ... an exemption” that is not “subject to the provisions of the ‘Long Term Exemption Law,’ ” as Princeton contends, then the language of N.J.S.A. 54:3-21(b) in that regard is essentially meaningless. Our courts have been clear that such an interpretation cannot prevail.
It is fitting and necessary for the court to address the issue of standing within the context of Princeton’s public policy argument; clearly there is a paramount and overriding public policy concern embodied within N.J.S.A. 54:3-21, namely, that all property owners must bear their burden in the just and equal share of taxation. See Princeton Univ. Press, supra, 35 N.J. at 214, 172 A.2d 420. This concern remains steadfast, regardless of who endeavors to enforce its precepts.
“Public policy is a large and general term.” Wilson v. Carnley, (1908) 77 L.J.K.B. 594 (A.C.) at 600 (Eng.). “[I]t has been defined as that principal of law which holds that no person can lawfully do that which has a tendency to be injurious to the public or against the public good. The term admits of no exact definition.” Mehlman v. Mobil Oil Corp., 153 N.J. 163, 187, 707 A.2d 1000 (1998) (citing and quoting Schaffer v. Fed. Trust Co., 132 N.J. Eq. 235, 240-41, 28 A.2d 75 (Ch.1942)). Indeed,
public policy is a variable quality, but the principles to be applied have always remained unchanged and unchangeable____ Whatever tends to injustice or oppression, restraint of liberty, restraint of legal right; whatever tends to the obstruction of justice, a violation of a statute, or the obstruction or perversion of the administration of the law; whatever tends to interfere with or control the administration of the law as to executive, legislative or other official action ... is against public policy.
[Brooks v. Cooper, 50 N.J. Eq. 761, 769, 26 A. 978 (E & A.1893), citing Davies v. Davies, L.R., 36 C.D. 364, 367 (1887) ] [13]
In this court’s view, if the right of these Taxpayers under N.J.S.A. 54:3-21 to appeal Princeton’s property tax exemption is to have any meaning, then public policy demands that Princeton *589 must bear the burden of establishing it qualifies for property tax exemption under applicable law, given the more compelling public policy concern here that “all property shall bear its just and equal share of the public burden of taxation.” Princeton Univ. Press, supra, 35 N.J. at 214, 172 A.2d 420.

CONCLUSION

The court finds that the presumption of validity afforded an assessor’s original tax assessment does not extend to exemptions. Furthermore, for all the reasons set forth hereinabove, the Taxpayers have standing to bring these matters before the Tax Court, and Princeton bears the burden of proof as the claimant of the exemption. Accordingly, Princeton’s motion seeking to place the burden of proof on the Taxpayers in these matters is denied.

 Because Presiding Judge Patrick DeAlmeida, P.J.T.C. is recused from these matters substantively and procedurally. Judge Bianco serves as Acting-Presiding Judge herein pursuant to General Assignment Orders, 2010 to present.

 The Borough of Princeton has since merged with the Township of Princeton to form one municipality known simply as "Princeton."

 The Estate of Eleanor J. Lewis is not a party to the later matters.

 A previous motion by Princeton to change the venue in these matters to Trenton was denied. The court however, in deference to the parties, agreed to schedule some proceedings in Trenton, when logistically possible. This was one such matter.

 It is unclear to the court just exactly what Princeton is arguing in this regard. The suggestion seems to be that the Municipality will also bear the burden of proof if the court determines that burden belongs to Princeton, a proffer for which Princeton offers no support. The Municipality is a necessary party, and has essentially remained neutral in the matter with the exception of this motion. Based on the court's determination herein, the Municipality does not bear the burden of proof.

 Princeton cites to an unpublished Appellate Division decision for the proposition that in a farmland assessment determination, "[a] tax assessor’s decision is entitled to a presumption of validity.” Rosenblum v. Borough of Closter, No. A-3340-11T4, 2013 WL 2338709, *1, 8, 2013 N.J.Super. LEXIS 1303 *1, 22 (App.Div.2013). In the present matters, however, the Taxpayers point out that "farmland ... is generally open to visual inspection by any third party. It does not follow that a University’s use of private buildings to which access to the public is non-existent or at best severely limited, i.e. laboratories and offices, is subject to the same presumption. It is partly because such information typically resides with the owner claiming exemption that the Tax Court has traditionally placed such burden on the landowner.” The court finds the distinction compelling. Cf. Township of Freehold v. Javin P'ship, 15 N.J.Tax 88, 95 (Tax 1995) (finding that where personalty on premises is claimed as exempt the burden of proof rests with the property owner claiming the exemption since it "has greater access to the relevant information”).

 The exemption determination process set forth in the Handbook for New Jersey Assessors, supra, § 412.20, is as follows:
*583 Every Initial and Further Statement should be checked carefully by the assessor. The assessor should
1. review Initial and Further Statement applications, Forms I.S. and F.S., as to which statute exemption is requested under.
2. review Initial and Further Statement applications. Forms I.S. and F.S., for explanations of organization's purpose(s).
3. review organization's certificate of incorporation, articles of association, charter or bylaws for statement of goals, objectives etc.
4. use of property should coincide with stated purpose(s) on application forms and in charter or bylaws and, use should be a permitted one per statute under which exemption is requested.
5. review financial data e.g. federal income tax returns etc. relative to nonprofit/profit status.
6. review purchase, acquisition dates in light of October 1 pretax year ownership criteria.
Further, '[e]ach assessor may, at any time, inquire as to whether exemption should be continued and may require a Further Statement or such proofs as he considers necessary to determine the claimant's exemption standing. In the event of a claimant's failure to comply with the legal requirements, or where doubt as to entitlement exists the assessor should deny exemption and remove the property from the Exempt Property List ...' Ibid.

 Princeton could not come up with another "copycat” example of a similar suit even in the wake of the significant publicity surrounding this case. "Universities do not seem to face frequent challenges to their tax-exempt status, except for ancillary properties that are not being used for educational purposes. This is likely because the majority of state constitutions explicitly provide for property tax exemptions for educational institutions." Daphne A. Kenyon and Adam H. Langley, Payments in Lieu of Taxes: Balancing Municipal and Nonprofit Interests, Lincoln Institute of Land Policy, 16 (Oct. 2010). Further, the court is not persuaded by the concerns expressed by Princeton and the Municipality over the potential cost (to them) of this litigation.

 To secure an exemption under N.J.S.A. 54:4-3.6, the following three criteria must be met: "(1) [the owner of the property] must be organized exclusively for the [exempt purpose]; (2) its property must be actually and exclusively used for the tax-exempt purpose; and (3) its operation and use of its property must not be conducted for profit." Hunterdon Med. Ctr., supra, 195 N.J. at 561, 951 A.2d 931 (quoting Paper Mill Playhouse v. Township of Millburn, 95 N.J. 503, 506, 472 A.2d 517 (1984)) (alterations in original). AHS Hosp. Corp. v. Town of Monistown, 28 N.J.Tax 456, 496 (Tax 2015) (citations omitted).

 In a footnote to its original brief Princeton noted that "[the Taxpayers] have no standing to file this action under N.J.S.A. 54:3-21," then went on to argue the law on this point. The court is satisfied that the issue is ripe for determination within the context of the present motion.

 No allegation has been made here that Tax Court’s jurisdictional amount of $1,000,000 under N.J.S.A. 54:3-21(a)(1) has not been met.

 While the foregoing considerations enumerated in Brooks v. Cooper, supra, led the court to find that provisions of a certain contract violated public policy, this court is satisfied such public policy considerations have wider application than solely to contract matters.