NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

## TAX COURT OF NEW JERSEY



**MARY SIOBHAN BRENNAN**
JUDGE

Essex County Dr. Martin Luther King, Jr. Justice
Building 495 Martin Luther King Blvd. - Fourth Floor
Newark, New Jersey 07102-0690
(609) 815-2922 Ext. 54600
Fax: (973) 424-2424

May 10, 2024

William Maslo, Attorney at Law
City of Jersey City Law Department
364 MLK Drive
3rd Floor
Jersey City, NJ 07305

James J. Burke, Attorney at Law
86 Hudson Street
Hoboken, New Jersey 07030

> Re: **City of Jersey City v. Hudson Street Investment, LLC**
> Docket Nos.: 008833-2023; 008834-2023; 008836-2023; 008837-2023;
> 008838-2023; 008840-2023
> Block 4504, Lot 1, Units C0201, C0202, C0302, C0401, C0402 and C0501

Dear Mr. Maslo and Mr. Burke:

This shall constitute the court's opinion with respect to plaintiff, City of Jersey City's ("Jersey City"), motion for summary judgment, and defendant, Hudson Street Investment, LLC's ("Taxpayer") cross motion for summary judgment. At issue is the requisite procedure to obtain a five-year property tax exemption for a five story nine (9) unit new construction condominium project. Jersey City's position is that a tax agreement must have been applied for and approved by the Jersey City Municipal Council prior to construction. Taxpayer's position is that Jersey City's controlling ordinance allows condominium owners the right to apply to the Tax Assessor for a five-year exemption under its definition of "Dwelling" within 30 days after construction is completed without the need for a preapproved tax agreement.






For the reasons stated more fully below, the court finds that a nine unit newly constructed condominium building constitutes a "Multiple Dwelling." As such, the Jersey City controlling ordinance requires that a taxpayer seeking a tax exemption must apply for and receive a tax agreement from the Jersey City Municipal Council, prior to the commencement of construction. Accordingly, the court grants Jersey City's motion, and denies Taxpayer's cross-motion.

In accordance with R. 1:7-4(a), the court makes the following factual findings based on the submissions of the parties.

## I. Findings of Fact and Procedural History

On September 8, 1999, pursuant to N.J.S.A. 40A:21-1 to -21, also known as the Five-Year Exemption and Abatement Law, Jersey City adopted ordinances to their municipal code to allow for abatements and exemptions[1] to qualified properties.

On June 18, 2019, Taxpayer purchased vacant land located at 122 New York Avenue, identified as Block 4504, Lot 1 on Jersey City's tax map ("Subject Property").[2] On December 15, 2020, Jersey City issued Construction Permit No. 20202456+A for construction of a new building at the Subject Property. On June 8, 2022, Taxpayer recorded a Master Deed with the Hudson

---

[1] An "exemption" is when the full value of an improvement is not regarded as increasing a property's taxable value. See N.J.S.A. 40A:21-3(l). An "abatement" is when part of the property is assessed as it existed before the improvement, which is then exempt from taxation. See N.J.S.A., 40A:21-3(a). Because the Subject Property had been vacant land previously and now has a newly constructed improvement, the application is for exemption and not abatement.

[2] Taxpayer's moving papers contained exhibits purporting to be a July 2020 email exchange between Taxpayer's counsel and Jersey City's tax assessor's office. The documents are incomplete and out of context. To the extent that the purpose is to establish that the tax assessor's office was clarifying that an exemption/abatement application is to be submitted within thirty (30) days of the completion of a condominium and not from the date of closing, the assessor's purported response is accurate. The statutorily required application for the exemption is to be filed within thirty (30) days of completion. This is true whether it is a "Dwelling" or a "Multiple Dwelling." The legal issue in the case is whether the statute and ordinance required an approved tax agreement from the Jersey City Municipal Council prior to construction for an exemption application to be approved.

County Register, establishing a five (5) story, nine (9) unit condominium complex at the Subject Property. On October 7, 2022, Jersey City issued Temporary Certificate of Occupancy No. 2020456+A for the Subject Property, identifying only the block and lot and not the individual units.[3]

On October 14, 2022, Taxpayer completed a E/A-1 Application for Five-Year Exemption and/or Abatement pursuant to N.J.S.A. 40A:21-1 to -21. The E/A-1 application is a form prescribed by the Director, Division of Taxation, as required by law. At the top of the form, it reads: "Applications **must** be filed with municipal assessors within 30 days (including Saturdays & Sundays) of completion of construction, improvements, conversion, conversion alteration. Late applications will be denied." The reverse side of the form reads as follows:

**GENERAL INFORMATION AND INSTRUCTIONS**

1. **Availability**: The Five-Year Exemption and/or Abatement is discretionary on the part of the municipal government. For Exemption/Abatement to apply, there must first be an area in the municipality designated by the local government as "in need of rehabilitation." Then, there must be an enabling ordinance enacted by the local governing body. The ordinance may identify various rehabilitation areas in the municipality, the types of structures and rehabilitation/redevelopment efforts which may be eligible, as well as the availability of exemption or abatement or both.

2. **Filing Deadline**: EA-1 Applications must be filed with the municipal assessor within 30 days (including Saturdays & Sundays) of completion of the construction, improvement, conversion, or conversion alteration. Late applications will be denied. No applications can be filed or take effect unless a valid timely ordinance is in force. Completion means substantially ready for the intended use for which a building/structure is constructed, improved, or converted.

---

[3] Although discussed at oral argument, the issue of whether the 30 day time frame begins upon the issuance of the Temporary Certificate of Occupancy, or the Final Certificate of Occupancy is irrelevant for purpose of this motion.

### 3. **Terms Defined per N.J.S.A. 40A:21-3:**

Abatement—that portion of a property's assessed value as it existed prior to construction, improvement, conversion of a tax exempted building/structure thereon.

Exemption—that portion of an assessor's full and true value of any construction, improvement or conversion alteration not increasing the property's taxable value.

Construction—providing new dwellings, multiple dwellings or commercial/industrial structures. Or enlarging existing multiple dwellings or commercial/industrial structures by more than 30% but not changing the existing use.

Conversion/Conversion Alteration—altering or renovating a nonresidential building, structure, hotel, motel, motor hotel, or guesthouse to convert it from its previous use to a dwelling/multiple dwelling.

Improvement—modernizing, rehabilitating, renovating, altering, repairing which produces a physical change in an existing building or structure…. but does not change its permitted use. It does not include repairs for fire or other property damage for which insurance payments were received within three years of applying for the Five-Year Exemption/ Abatement. For multiple dwellings, it includes only improvements to common areas or elements or three or more dwelling units …For multiple dwellings or commercial/industrial structures it does not include ordinary painting, repairs, replacement of maintenance items or the enlargement of an existing structure by more than 30%.

Dwelling—a building or part of a building used or held for use as a home or residence, including accessory buildings on the premises. Individual condominium and cooperative units and individual residences within a horizontal property regime are also considered dwellings. The "common elements" of a horizontal property regime, cooperative, or condominium, are not considered "dwellings" but are defined as "multiple dwellings."

Multiple Dwelling—a building or structure fitting the definition of "multiple dwelling" in the "Hotel and Multiple Dwelling Law," (see N.J.S.A. 55:13A-3), and also the "common elements" or "general common elements" of a condominium, a cooperative, or a horizontal property regime.

Commercial or Industrial Structure—a structure or part thereof used for the manufacturing, processing or assembling of material or manufactured products, or for research, office, industrial, commercial, retail, recreational, hotel or motel facilities, or warehousing purposes, or for any combination thereof.

4. Start Date of Exemption/Abatement: As amended by P.L.2007, c. 268, Five-Year Tax Exemptions and/or Abatements take effect as of a project's completion date, except for projects subject to tax agreements for which the effective date of exemption/abatement is January 1 of the year following the year the project is completed. For projects under tax agreements, Added Assessments are applicable in the interim period between completion and January 1st. For exemption/abatement projects not under tax agreements, taxes to be paid are prorated based on an annual period using a property's current year assessed value minus the prorated exemption/abatement amount plus any portion of assessed value of the construction, improvement, or conversion not exempted which is also prorated based on an annual period.

Annual period—a duration of 365 days, (366 days when February has 29 days), beginning on the date an exemption or abatement for a project becomes effective, i.e., the project's completion date.

5. **Payments in Lieu of Taxes (PILOTS):** PILOTS are the payment mechanism within an exemption/abatement program and are only applied to exempt or abated properties. PILOTS cannot be utilized independently outside of an exemption/ abatement. The Five-Year Exemption/Abatement Law provides three kinds of in lieu payments: cost basis; gross revenue basis; tax phase-in basis. A tax agreement between the applicant and municipal governing body will determine if there is a PILOT for the property and which kind of in lieu payment will be utilized.

On Taxpayer's E/A-1 in the Section entitled "II. PROJECT INFORMATION" the Taxpayer checked section "A" and indicated that the Subject Property is a one or two family dwelling upon which claimant has completed "new construction." Section B on the form is applicable to property designated as a multiple dwelling upon which claimant has completed construction of a multiple dwelling under a tax agreement.

5

On November 2, 2022, the Jersey City Assessor denied Taxpayer's application for a five-year tax exemption pursuant to N.J.S.A. 40A:21-1 to -21 for failing to obtain approval from the Jersey City Municipal Council. The letter of denial did not list the nine separate units. To date, Taxpayer has sold three of the nine condominiums and currently maintains ownership of six.

Jersey City originally assessed Taxpayer's condominium units at the Subject Property for the 2023 tax year as follows:

| | | |
|---|---|---|
| A. | Unit: | **C0201** |
| | Land: | $139,100.00 |
| | Improvement: | $695,500.00 |
| | Abatement: | $0.00 |
| | Total: | $834,600.00 |
| | | |
| B. | Unit: | **C0202** |
| | Land: | $79,300.00 |
| | Improvement: | $397,000.00 |
| | Abatement: | $0.00 |
| | Total: | $476,300.00 |
| | | |
| C. | Unit: | **C0302** |
| | Land: | $143,200.00 |
| | Improvement: | $716,500.00 |
| | Abatement: | $0.00 |
| | Total: | $859,700.00 |
| | | |
| D. | Unit: | **C0401** |
| | Land: | $139,100.00 |
| | Improvement: | $695,500.00 |
| | Abatement: | $0.00 |
| | Total: | $834,600.00 |
| | | |
| E. | Unit: | **C0402** |
| | Land: | $143,200.00 |
| | Improvement: | $716,500.00 |
| | Abatement: | $0.00 |
| | Total: | $859,700.00 |
| | | |
| F. | Unit: | **C0501** |
| | Land: | $139,100.00 |
| | Improvement: | $695,500.00 |
| | Abatement: | $0.00 |
| | Total: | $834,600.00 |

On March 22, 2023, Taxpayer filed timely Petitions of Appeal with the Hudson County Board of Taxation. On July 5, 2023, the Hudson County Board of Taxation issued Memorandums of Judgment, granting exemptions resulting in revised assessments as follows:

A.   Unit:           **C0201**
       Land:          $139,100.00
  Improvement:      $695,500.00
    Abatement:       $208,700.00
       Total:         $625,900.00

B.   Unit:           **C0202**
       Land:           $79,300.00
  Improvement:      $397,000.00
    Abatement:        $94,900.00
       Total:         $381,400.00

C.   Unit:           **C0302**
       Land:          $143,200.00
  Improvement:      $716,500.00
    Abatement:       $215,000.00
       Total:         $644,700.00

D.   Unit:           **C0401**
       Land:          $139,100.00
  Improvement:      $695,500.00
    Abatement:       $208,700.00
       Total:         $625,900.00

E.   Unit:           **C0402**
       Land:          $143,200.00
  Improvement:      $716,500.00
    Abatement:       $215,000.00
       Total:         $644,700.00

F.   Unit:           **C0501**
       Land:          $139,100.00
  Improvement:      $695,500.00
    Abatement:       $208,700.00
       Total:         $625,900.00

Believing that the Hudson County Board did not have the authority to issue tax exemptions to the Taxpayer, Jersey City filed timely appeals to this court on August 11, 2023. Thereafter, Jersey City filed this motion for summary judgment on March 22, 2024. Taxpayer filed opposition papers and a cross motion for summary judgment on April 15, 2024. The court received Jersey City's response on April 30, 2024.

The court held oral argument on May 10, 2024.

## II. <u>Legal Analysis</u>

When deciding a motion for summary judgment under <u>R.</u> 4:46-2, the court must determine whether there exists a genuine issue as to any material fact. In addition, the court must determine whether competent evidential materials have been presented sufficient to permit a rational factfinder to resolve the issue at hand in favor of the moving party, when viewed in the light most favorable to the non-moving party. <u>See</u> <u>Brill v. Guardian Life Ins. Co. of Am.,</u> 142 N.J. 520, 523 (1995).

Taxpayer asserts two disputed facts that it believes overcomes Jersey City's summary judgment motion.

First, Taxpayer disputes the categorization of the Subject Property as a "Multiple Dwelling" alleging that a building that is a multi-dwelling can be two things at different times . Specifically, Taxpayer regards the Subject Property as a new construction multi dwelling while in construction stage. Thereafter, each of the nine (9) individual units became a single dwelling upon the filing of the master deed and the designation of each unit.. Because of this duality, Taxpayer argues it can qualify for a five (5) year tax abatement by seeking approval from the Jersey City Tax Assessor under City Ordinance Section 304-9 because each condominium is a "Dwelling[,]" which allows the assessor to receive and approve an application for a tax abatement.

8

The court agrees with Taxpayer that each individual condominium unit is a dwelling. However, the Subject Property contains nine condominiums and therefore nine separate dwellings. Jersey City Ordinance §304-7 lists a definition of the term dwelling. Specifically it provides the following definition:

> DWELLING or DWELLIN USE - A building or part of a building used, to be used or held for use as a home or residence, including accessory buildings located on the same premises, together with the land upon which such building or buildings are erected and which may be necessary for the fair enjoyment thereof, but shall not mean any building or part of a building defined as a multiple dwelling pursuant to the Hotel and Multiple Dwelling Law, N.J.S.A. 55:13A-1 et seq. A dwelling shall include, as they are separately conveyed to individual owners, individual residences within a cooperative, if purchased separately by the occupants thereof, and individual residences within a horizontal property regime or a condominium, but shall not include general common elements or common elements of such horizontal property regime or condominium as defined pursuant to the Horizontal Property Act, N.J.S.A. 46:8A-1 et seq. , or the Condominium Act, N.J.S.A 46:8B-1 et seq., or of a cooperative, if the residential units are owned separately.

[§304]

The Hotel and Multiple Dwelling Law, N.J.S.A. 55:13A-1 et seq. defines a multiple dwelling as "any building or structure of one or more stories and any land appurtenant thereto, and any portion thereof, in which three or more units of dwelling space are occupied, or are intended to be occupied by three or more persons who live independently of each other." N.J.S.A. 55:13A-3(k).

The Subject Property by statutory definition is a Multiple Dwelling as is any other building with three or more independent dwelling units. Therefore, the court finds that this is not a fact in

9

dispute, and for purpose of the Five-Year Exemption and Abatement Law, the Subject Property cannot be categorized as both a "Dwelling" and a "Multiple Dwelling."

The second disputed fact concerns an allegation by Taxpayer that the Jersey City Assessor has previously granted tax abatement applications to other similarly situated taxpayers. In support of this, the Taxpayer's attorney filed a certification with attached documentation related to a different taxpayer's successful application for the five-year exemption. The court reviewed the E/A-1 application submitted to the Jersey City Assessor in that matter and finds that it is not similar and therefore not relevant to the motion at hand. Specifically, on that Taxpayer's E/A-1 in the Section entitled "II. PROJECT INFORMATION" the Taxpayer checked section A "New Construction" and section B "Construction of a multiple dwelling under a tax agreement."[4]

Based on the foregoing the court finds that the relevant facts are not in dispute and the motions are ripe for summary judgment.

The New Jersey Constitution, recognizing the need to encourage economic growth through rehabilitation and redevelopment of real property, gives the New Jersey Legislature the power to enact exemption and abatement laws to restore the vitality of depressed areas and to increase municipal ratables upon which property taxes are levied. See N.J. Const. art. VIII §§ 1 ¶ 6, 3 ¶ 1. Through the power vested in it, the New Jersey Legislature has enacted N.J.S.A. 40A:21-1 to -21, known as the Five-Year Tax Exemption and Abatement Law, promoting redevelopment that enables communities to re-use existing underutilized or abandoned sites and buildings as well as address critical housing needs, both of which support important statewide objectives. The statute is intended to provide an incentive for private industry to invest capital in real property, to establish

---

[4] At oral argument the Taxpayer's attorney claimed that Section B was checked by the assessor, however there is no supportive evidence.

commercial and industrial centers, to aid homeowners in improving their property, and to generate property purchases to ensure stable ratables. See N.J.S.A. 40A:21-2.

Pursuant to this statutory authority, Jersey City enacted an enabling ordinance for five-year exemption/abatement applications for new construction of multiple dwellings by tax agreement. Section 304-12 of the Jersey City Municipal Code states:

> A. New construction of commercial and industrial structures and multiple dwellings are eligible for tax exemption for a period of five years. This exemption may only be approved by Ordinance of the Municipal Council.

[Section §304-12]

The Legislature also provided very specific and detailed procedures for municipalities and taxpayers wishing to take advantage of the exemption and abatement law. Most salient to the instant matter, a taxpayer must make a written application on the proper form, which application must be approved by the assessor of the taxing district. N.J.S.A. 40A:21-16. The application must be "filed with the assessor within 30 days, including Saturdays and Sundays, following the completion of the improvement, conversion alteration or construction." Ibid.

In addition to the above referenced guiding constitutional, statutory, and municipal ordinance laws, there are also certain well-established principles applicable to exemption/abatement determinations.

Because they represent a departure from the fundamental approach of our statutes that all property bear its just and equal share of the public burden of taxation, exemption statutes are strongly construed against those claiming exemption. Princeton Univ. Press v. Princeton Bor., 35 N.J. 209, 214 (1961). Those claiming an exemption from taxation have the burden of establishing their entitlement to it. Ibid. Strict construction does not require a rigid interpretation that would

11

defeat the evident legislative design, but taxation is the rule, and the claimant bears the burden of proving entitlement to an exemption. New Jersey Carpenters Apprentice Training & Educ. Fund v. Kenilworth Bor., 147 N.J. 171, 177-78, (1996), cert. denied, 520 U.S. 1241 (1997).

In cases involving a tax preference as opposed to valuation of property, it is well settled in New Jersey that the burden of proving tax exempt status is with the claimant of the exemption, and not the party challenging the tax exemption, even when the county board has granted the exemption, and the appeal is by the municipality. Fields v. Trustees of Princeton University, 28 N.J. Tax 574 (Tax 2015).

When a county board judgment is appealed to the Tax Court, the court's review is de novo, meaning that it hears the case anew and without regard to any legal conclusions or factual findings made by the county board members. See N.J.S.A. 2B:13-3(b) (Tax Court "shall" determine "all issues of fact and of law de novo"). When there is an appeal from a county board judgment, the Tax Court's "jurisdiction is not as a court of review." Rossi v. Twp. of Upper Pittsgrove, 12 N.J. Tax 235, 240 (Tax 1992). This means that the court must "consider all competent evidence and not only that which was presented to the county board." Ibid. See also Chevron U.S.A., Inc. v. City of Perth Amboy, 9 N.J. Tax 571, 581 (Tax 1988) ("[b]y use of the term de novo the Legislature intended that this court consider an original assessment completely anew").

Having established that the Subject Property meets the statutory definition of a "Multiple Dwelling[,]" the court now applies the law.

Pursuant to constitutional and statutory authority, on September 8, 1999, Jersey City enacted an ordinance, codified in Article III of Chapter 304 Taxation ("the Code"), setting forth the eligibility requirements for tax exemptions and abatements for "residential and multiple dwellings." See §304-6 of Jersey City Municipal Code.

Consistent with N.J.S.A. 54:4-3.142(e)(1), the Code states that "the city hereby authorizes the… tax exemption… and establishes the eligibility of residential and multiple dwellings, commercial and industrial structures for five-year tax exemptions to the maximum degree permitted by N.J.S.A. 40A:21-1 et seq.. throughout the city." See §304-6. For new construction of a multiple dwelling, the exemption must be approved by Ordinance of the Municipal Council by tax agreement. See §304-12. Once the new construction of a multiple dwelling is completed the ordinance requires the taxpayer to file an E/A-1 form application prescribed by the Division of Taxation. See §304-13.

Taxpayer did not apply and receive a tax agreement from the Jersey City Municipal Council. Had a tax agreement been approved, Taxpayer (or condominium owners) could have applied for the exemption within 30 days of completion of the condominium project. The lack of an approved tax agreement renders the Five-Year Exemption and Abatement Law inapplicable to the Subject Property.

### III. Conclusion

The undisputed absence of a tax agreement approved by the Jersey City Municipal Council prior to construction is a fatal flaw that disqualifies the Taxpayer from the benefits of the Five-Year Exemption and Abatement Law. Accordingly, the judgment of the Hudson County Board is reversed, and the 2023 assessment of the Subject Property stands as is.

/s/ Mary Siobhan Brennan
Hon. Mary Siobhan Brennan, J.T.C.

13