PER CURIAM.
Plaintiff Donato Clemente owns commercial property in defendant Township of South Hackensack. He appeals three Tax Court judgments entered July 26, 2013, affirming defendant’s assessments on his property for tax years 2009, 2010, and 2011. These assessments were as follows: $1,468,400 for 2009; $2,042,800 for 2010; and $2,042,800 for 2011. Plaintiff filed direct appeals with the Tax Court challenging all three assessments; the court concluded he failed to show that any assessment was incorrect. We affirm.
*339 I
On plaintiffs property is an improved, one-story 20,210 square foot building that is located in the “C” industrial zone. Plaintiff operates an industrial bakery in the building, but the front of the building has an outlet accessible to the public for the retail sale of goods. During the trial before the Tax Court, plaintiffs expert testified that the highest and best use of the building during the subject assessment periods was as a “light industrial building.” He characterized the public retail outlet and the square footage allotted to any office space within the building as merely “ancillary.” Utilizing the income approach to valuation, he determined plaintiffs property had a true market value of $1,105,000 for 2009; $1,020,000 for 2010; and $970,000 for 2011. During cross-examination, the expert admitted he did not review any documents about the property on file in defendant’s building department before reaching his conclusions. Plaintiff did not call any other witnesses.
At the close of plaintiffs case, defendant moved to dismiss the complaint on the ground plaintiff failed to overcome the presumption that the municipality’s tax assessments were valid. See 125 Monitor St. v. City of Jersey City, 23 N.J.Tax 9, 13 (App.Div.2005) (citing Pantasote Co. v. City of Passaic, 100 N.J. 408, 412, 495 A.2d 1308 (1985)). The court found, however, that plaintiff succeeded in surmounting that presumption and denied defendant’s motion. Because there existed a debatable question over the correctness of the assessments, the court was required to “turn to a consideration of the evidence adduced on behalf of both parties and conclude the matter based on a fair preponderance of the evidence.” See Ford Motor Co. v. Edison, 127 N.J. 290, 312, 604 A.2d 580 (1992) (citing Pennwalt Corp. v. Township of Holmdel, 4 N.J.Tax 51, 55-56 (Tax 1982)). The burden of proof, however, still remained with the taxpayer to show that the assessment was incorrect. Id. at 314-15, 604 A.2d 580 (citing Pantasote, supra, 100 N.J. at 413, 495 A.2d 1308).
Defendant called a fact witness who it had retained over the previous twenty-five years to assess properties within the municipality, including plaintiffs property. This witness testified that, *340 since at least 2001, the subject property has been an industrial bakery with a retail component. He also testified that, in 2001, approvals were granted for the expansion of the retail operation to include restaurant seating. In 2009, plaintiff applied for a zoning certificate of compliance that indicated that the property was continuing as a “retail store/Clemente Bakery and wholesale manufacturing bakery/Central Bakery.” The certificate was granted one month later. Although there was no evidence plaintiff expanded the retail operation to include a restaurant, he had the necessary approval to do so and, meanwhile, continued to operate the retail outlet. Defendant did not call any other witnesses.
The Tax Court determined it could not place any weight on plaintiffs expert’s opinion. The court found “faulty” the expert’s conclusion that the highest and best use of the property was as a light industrial building because the property was also used to sell goods for retail and the variance permitted a portion of the property to be used as a restaurant. In addition, plaintiffs expert failed to support with any market study his claim that there was no market for using ancillary space in an industrial building for retail purposes.
The court also found the comparable properties plaintiffs expert utilized in employing the income approach to assess the value of the property too different from the subject one to be of any use. Although all of the comparables were one-story industrial buildings, none had a retail component. The court noted that
[a]n appraiser must recognize the difference between the highest and best use of a comparable and the subject [property], and determine if the sale is an appropriate comparable. See General Motors Corp. v. City of Linden, 22 N.J.Tax 95, 102 (Tax 2005) (citations omitted). In fact, a “judge may reject a property as a comparable solely because it has a different highest and best use.” City of Atlantic City v. Boardwalk Regency Corp., 19 N.J.Tax 164, 189 (App.Div.2000); See also Newport Center v. City of Jersey City, 17 N.J.Tax 405, 418-25 (Tax 1998) (excluding from evidence sales having highest and best uses so dissimilar to the highest and best use of the subject property as to render the sales of no assistance to the court in valuing the subject property).
The comparable leases chosen by plaintiffs expert are given no weight because they were selected in the absence of a proper highest and best use analysis. Consequentially, the rental value component of the income approach by plaintiffs expert is faulty. Plaintiffs expert’s use of comparable leases to determine market rent neither allows the court to “draw rational probative valuation inferences,” nor *341 lends “logical, coherent support” to an opinion of value. See Newport Center, supra, 17 N.J.Tax at 420. Therefore, plaintiffs expert’s entire income approach is inapplicable as a matter of law.
[Clemente v. Tp. of S. Hackensack, 27 N.J.Tax 255, 273-74 (Tax 2013).]
Unable to place any weight on the expert’s findings, the court concluded plaintiff failed to sustain his burden of proving the assessment was incorrect.
II
Because judges assigned to the Tax Court have special expertise, their findings should not be disturbed by a reviewing court unless they are plainly arbitrary or there is a lack of substantial evidence to support them. 125 Monitor St., supra, 23 N.J.Tax at 13 (citing G & S Co. v. Borough of Eatontown, 6 N.J.Tax 218, 220 (App.Div.1982)). However, “[a] trial court’s interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.” Manalapan Realty v. Manalapan Twp. Comm., 140 N.J. 366, 378, 658 A.2d 1230 (1995).
Although the municipality’s assessment is entitled to a presumption of validity, as previously addressed, plaintiff overcame that presumption; however, he continued to bear the burden of showing the assessment was incorrect. Ford Motor Co., supra, 127 N.J. at 314-15, 604 A.2d 580. In the final analysis, he failed to meet that burden. We are satisfied the Tax Court’s reasons for rejecting plaintiffs expert’s conclusions are neither plainly arbitrary nor lacking the support of substantial evidence and, therefore, are entitled to our deference. See 125 Monitor St., supra, 23 N.J.Tax at 13. After carefully considering the record and the briefs, we conclude plaintiffs remaining arguments are without sufficient merit to warrant discussion in a written opinion, see R. 2:11 — 3(e)(1)(E), and affirm substantially for the reasons set forth in Judge Joseph M. Andresini’s thorough and thoughtful written opinion.
Affirmed.