NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

---------------------------------------------------------x

187 DEY ROAD ASSOCIATION, LLC,    :

   : DOCKET NO: 013415-2019

   :

     Plaintiff,    :

   :

     v.    :

   :

TOWNSHIP OF SOUTH BRUNSWICK,    :

   :

     Defendant.    :    CIVIL ACTION

   :

---------------------------------------------------------x

Decided: October 22, 2021.

Robert P. Merenich for plaintiff (Gemmel, Todd & Merenich, attorneys).

Michael Y. Kim for defendant (James P. Nolan & Associates, LLC, attorneys).

CIMINO, J.T.C.

The property in question consists of 83.53 acres in the Township of South Brunswick. Of the 83.53 acres, one acre is devoted to residential use for a home located on the property. Through 2017, the then tax assessor of South Brunswick Township granted farmland assessment for 82.53 acres.

For 2018, the Middlesex County Board of Taxation determined that a partial rollback judgment be entered for 65 acres due to no agricultural use. Subtracting the

one acre of homestead, this would leave 16.53 acres eligible for agricultural assessment.

The 16.53 acres is the portion of the property fronting Dey Road. The property is utilized for the growing of crops, there is a pen for the pasturing of goats and sheep, and appurtenant woodlands.

In dispute is the rear 65 acres of the property, which is primarily wooded and is traversed by a stream. The taxpayer asserts that he allows the goats and sheep to graze the 65 acres, but had not been able to do so in 2018 due to flooding caused by heavy rainfall and beaver activity damming the traversing stream. The beaver activity was significant enough for taxpayer to obtain a beaver damage control permit for 2018 from the Division of Fish and Wildlife, Department of Environmental Protection. With the permit, taxpayer hired a trapper and "seven beaver were taken." The parties agree that the rear 65 acres is not fenced. The municipality disputes grazing activity was taking place on the back 65 acres.

Of the total 83.53 acres, 75.7 acres is wetlands, and 29.7 acres consists of capable soils for horticultural or agricultural use. It is unclear what portion of the back 65 acres is wetlands or has capable soils.

The Farmland Assessment Act of 1964 was adopted in response to a constitutional amendment allowing land actively devoted to agricultural or horticultural uses to be assessed differently than other lands in the state. N.J. Const.,

Art. VIII, § 1, ¶ 1; N.J.S.A. 54:4-23.1 to -23.23. In particular, land assessed as farmland is to be valued as if its highest and best use is agricultural or horticultural use. N.J.S.A. 54:4-23.2. This is typically less than the value for other uses for which land is suitable. Farmland assessment differs from the general constitutional mandate that all property be assessed according to the same standard of value considering the concept of highest and best use. See N.J. Const., Art. VIII, §1, ¶ 1(b); Clemente v. Township of South Hackensack, 27 N.J. Tax 255, 267-272 (Tax 2013), aff'd, 28 N.J. Tax 337 (App. Div. 2015) (application of highest and best use).

To receive farmland assessment, the land must be not less than 5 acres and be actively devoted to agricultural or horticultural use for the two years prior to the current tax year. N.J.S.A. 54:4-23.2. Agricultural use includes the production of livestock such as sheep or goats. N.J.S.A. 54:4-23.3. The Director is empowered to promulgate such rules and regulations as he shall deem necessary to effectuate the purposes of the Act. N.J.S.A. 54:4-23.21. To that end, the Director enacted regulations indicating that "devoted to agricultural or horticultural use" means "[l]and on which livestock is boarded, raised, pastured, rehabilitated, trained, or grazed, and enclosed by a fence sufficient to retain such animals that are themselves or their products sold . . . ." N.J.A.C.18:15-6.2(a)(11) (emphasis added). The regulations also include as "devoted to agricultural or horticultural use" the "[l]and that consists of lakes, ponds, streams, stream buffer areas, hedgerows, wetlands,

and/or irrigation ponds that are supportive and subordinate or reasonably required for the purpose of maintaining agricultural or horticultural uses of a tract . . . other than to the production for sale of trees and forest products" and "[l]and that is supportive and subordinate woodland or wetlands and that is contiguous to, part of, or beneficial to land that is cropland harvested, cropland pastured, or permanent pasture." N.J.A.C. 18:15-6.2(a)(2), (13).

A devotion to agricultural or horticultural use is not enough. The land must be <u>actively</u> devoted to agricultural or horticultural use. N.J.S.A. 54:4-23.5. Land is deemed to be actively devoted to agricultural or horticultural use when the amount of gross sales average at least $1,000 per year during the two-year period preceding the tax year at issue and is at least 5 acres in area.[1] <u>Ibid.</u> An application for farmland assessment must be made on or before August 1st of the year immediately preceding the tax year. N.J.S.A. 54:4-23.6.

In the event that land which is farmland assessed is put to a use other than agricultural or horticultural, it is subject to additional taxes referred to as rollback taxes in an amount equal to the difference between the taxes with farmland assessment and the taxes with the land value assessed as other lands in the taxing

---

[1] For each acre above five, there is an additional income requirement of $5 per acre for agricultural or horticultural use, and 50 cents per acre for woodlands or wetlands. <u>Ibid.</u>

district.  N.J.S.A. 54:4-23.8.  The rollback tax applies not only to the current tax year, but the two years prior.  Ibid.

This matter comes before the Court on a motion for summary judgment filed by the taxpayer.  It has long been said that a motion for summary judgment is an appropriate method for disposing of a matter if there are not disputed issues of material fact which require a determination of credibility.  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).  The taxpayer asserts in its brief that it did not cease or abandon an agricultural use of the back 65 acres, nor did it convert the property to non-agricultural use.  The municipality asserts that its inspections did not reveal grazing on the back 65 acres.  The parties are sharply divided on whether there was grazing taking place on the back 65 acres.  This is certainly a question of factual credibility which cannot be resolved on summary judgment.

The municipality indicates that discovery is not complete, including depositions and such.  In addition to factual disputes involving the grazing of the goats and sheep, there are also factual questions of whether any or all of the back 65 acres are appurtenant land subject to farmland assessment.  "Generally, our courts seek to afford 'every litigant who has a bona fide cause of action or defense the opportunity for full exposure of his case.'"  Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 498 (App. Div. 2012) (citing Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 193 (1988)).  Summary judgment should not

be granted when one side needs information from the other to fully prepare the case. Id. at 499. Both parties need to be given the full and fair opportunity to develop the record through discovery. Since discovery is not complete, summary judgment would not be appropriate at this point.

There are four decisions which may help guide the parties in focusing discovery and resolving the dispute. The first of these decisions is Township of Burlington v. Messer, 8 N.J. Tax 274 (Tax 1986), aff'd o.b., 9 N.J. Tax 634 (App. Div. 1987). A new assessor was appointed and determined that the property in question did not qualify for farmland assessment in 1984. Id. at 277. The property consisted of 90 acres of which the taxpayer asserted 6 acres were farmed and the remainder consisted of harvested woodlands. Id. at 276-77. The property had been assessed as farmland for many years. Id. at 284. No appeals had been taken by the municipality of the prior annual determinations of the assessor finding the property qualified for farmland assessment. Ibid. Messer argued that there had to be a change in use and that the municipality had to prove that the property was used differently prior to the new assessor determining the property was not used as farmland in 1984. Id. at 283.

This court indicated in Messer that both the Constitution and the implementing statutory provision indicate that rollback taxes are imposed when the land "is applied" to a use other than agricultural or horticultural. Id. at 284-85 (citing

N.J. Const., Art. VIII, §1, ¶1(b); N.J.S.A. 54:4-23.8).  The words "change in use" as subsequently used in the rollback statute are general words that provide abbreviated reference to the "is applied" standard.  Id. at 285.  Thus, to establish a rollback, a municipality must prove (1) the land in the alleged rollback year or in the two years immediately preceding has been specially taxed as farmland under the act; and, (2) in that year the land has not been applied to agricultural or horticultural use.  Id. at 286.  "If defendant's proposed interpretation [of requiring a change in use] were accepted, where a landowner incorrectly receives a farmland assessment, the taxing district could never recapture any of the tax reductions if subsequently the non-agricultural use, no matter what it may be, is not a change."  Id. at 284.  Ultimately, the court granted judgment imposing rollback assessments for 2002, 2003 and 2004.  Id. at 287.

In Wilson v. Hopewell Township, 23 N.J. Tax 240 (Tax 2006), the property had been assessed as farmland for a number of years.  Id. at 242.  In a prior appeal, the court rejected the taxpayer's claim that the subject property was entitled to assessment as farmland for 2004.  Id. at 242.  Nevertheless, the issue still remained as to whether the taxpayer would be responsible for rollback assessments for certain woodlands for the years 2002 and 2003.  Id. at 246.  While there was some woodland harvesting activity taking place in 2004, taxpayer did not satisfy the statutory requirements until 2005 which would lead to the actual farmland assessment in 2007.

Id. at 247, 248. Nevertheless, the Court determined as to the woodlands, that there was not a change of use established by the municipality and let the prior farmland assessment for 2002 and 2003 remain. Id. at 248-49.

In Township of Hamilton v. Lyons, 8 N.J. Tax 112 (Tax 1986), 16 acres were taken out of agricultural production for mining purposes. Id. at 117. The property owner asserted that once the mining was completed, the land would be restored and would actually be more productive. Ibid. The court noted that "[l]eaving land fallow is not a change of use as intended by the roll-back statute, but instead, it is comparable to rotating crops and under correct circumstances it is a prudent and recommended agricultural devotion. Mineral excavation is a use completely foreign to agricultural devotion." Id. at 119.

In Andover v. Kymer, 140 N.J. Super. 399 (App. Div. 1976) the farmland assessment of a 200-acre parcel was in dispute. Id. at 401. The taxpayer asserted that 100 acres were farmland. Ibid. The township engineer asserted only 52 to 70 acres could be used for farmland and the assessor asserted that 41 acres qualified as farmland. Id. at 401-02. The court determined that the tract basically was in fact dominantly devoted and dedicated to agricultural use. Id. at 402. No portion of the land was used for a purpose other than farming. Id. at 403. The non-farmed portions of the property consisted of woodlands, swampy areas and rocky terrain. Ibid. While the primary goal of farmland assessment was to save the family farm and

provide farmers some economic relief, there are other objectives as well, such as encouraging the maintenance and preservation of open space and the beauty of the countryside. Id. at 404. Marginal farmers and those with substantial sections of poor land would be severely hurt if they had to farm every single acre. Id. at 404. Moreover, requiring a thorough investigation of every part of each parcel subject to farmland assessment would impose upon the assessor the staggering undertaking of extracting from the land non-fertile areas such as rocky, swampy or wooded areas. Id. at 404-05.

Without a settled factual record, it is impossible for this court to apply the above referenced decisions. At the end of the day, some of these decisions may be inapplicable depending on the findings of fact. As the facts develop, there may be other applicable decisions. If the parties cannot agree upon and settle the record, a trial will need to be held by this court to determine the facts of this case before the court is able to apply the law to the facts. However, this step will await the completion of discovery.

For the foregoing reasons, the taxpayer's motion for summary judgment is DENIED.