TRUSTEES OF YOUNG MEN'S AND YOUNG WOMEN'S HE-BREW ASSOCIATION OF NEWARK, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND CITY OF NEW-ARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Submitted October 5, 1937—Decided February 21, 1938.

Before, BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the prosecutor, *Kessler & Kessler* (*Samuel I. Kessler,* of counsel).

For the defendants, *James F. X. O'Brien* (*Vincent J. Casale,* of counsel).

PER CURIAM.

The prosecutor of this writ contends that its property is entitled to exemption from taxation under section 203, para-

graph 4 of our tax statute. *Rev. Pamph. L.* 1918, as amended by chapter 372, *Pamph. L.* 1931, *p.* 904. The state board of tax appeals rejected this claim and held that the property was not tax exempt.

From our inspection of the evidence before the state board of tax appeals, it appears that the property, in the main, is used for purposes that are religious and charitable and calculated to improve the moral and mental outlook of its members and those who attend its functions. In order, however, to be entitled to exemption, it must appear that its buildings "are actually and exclusively used in the work of organizations and corporations organized exclusively for the mental and moral improvement of men, women and children, or for religious, charitable or hospital purposes, or for one or more such purposes; * * *." *Pamph. L.* 1931, *pp.* 904, 905.

In the testimony taken in support of the exemption, it appeared that the prosecutor permitted other organizations to maintain their offices in the building. As to this, Mr. Weaver, who wrote the opinion of the state board of tax appeals, said, "the maintenance of offices of other organizations in the building and the rental of portions to civic and philanthropic organizations bar the respondent from the benefits of the statute, as it cannot be said that the building is exclusively used for the purpose for which the association is incorporated. Permitting other civic or philanthropic organizations to maintain permanent offices in the building is not the moral and mental improvement of men, women and children. To be entitled to the exemption the association must have the exclusive use of the building. Respondent does not meet this requirement."

The state board of tax appeals has adhered to this rule (see *Westervelt et al., Trustees for Pioneer Lodge No. 70, F. and A. M.,* v. *City of Hackensack,* 59 *N. J. L. J.* 126; *Orange K. of C. Holding Co.* v. *City of Orange,* 59 *Id.* 17), and it has likewise had the approval of this court. *Y. W. C. A. of Harvey Cedars* v. *Pelham,* 9 *N. J. Mis. R.* 196; *affirmed,* 108 *N. J. L.* 553; *Y. M. C. A.* v. *Orange,* 3 *N. J. Mis. R.* 404. The statute is reasonably clear that buildings,

&c., to be tax exempt, must be *actually* and *exclusively* used for only those purposes which, in the legislative plan, merit exemption.

Statutes granting exemption from taxation must be strictly construed. *Essex Troop* v. *Commissioner,* 10 *N. J. Mis. R.* 730; *Mausoleum Builders of New Jersey* v. *The State Board of Taxes,* 88 *N. J. L.* 592; *affirmed,* 90 *Id.* 163; *Princeton Country Day School* v. *State Board, &c.,* 113 *Id.* 515.

We think the determination below was correct, and the writ is accordingly dismissed, with costs.