STATE BOARD OF TAX APPEALS.

PETER POST, PETITIONER, v. WARREN POINT VOLUNTEER FIREMEN'S ASSOCIATION, RESPONDENT.

Decided April 29, 1941.

For the petitioner, *Peter Post, pro se.*

For the respondent, *Morris Dobrin.*

QUINN, President.  Petitioner, a taxpayer in the Borough of Fairlawn, filed an appeal with the Bergen County Board of Taxation, complaining that the assessor of the borough had listed as exempt for the year 1939 a certain structure owned by the respondent.  The appeal was taken under *R. S.* 54:3-21; *N. J. S. A.* 54:3-21, providing that "a taxpayer feeling that he is discriminated against by the assessed valuation of other property in the county * * * may * * * appeal to the county board of taxation."  The County Board dismissed the appeal, hence these proceedings before this board.

Respondent contends that the statute does not authorize an appeal of this type, where the complaint is as to an exemp-

tion, rather than as to the amount of an assessed valuation. We disagree. Broadly, the assessed valuation comprises the entirety of the entry on the tax lists, including the notation of exemption, where allowed by the assessor. See *R. S.* 54:4-27; *N. J. S. A.* 54:4-27. Petitioner has certainly been discriminated against as a taxpayer, if an improper exemption has been allowed by the assessor in favor of property owned by others.

The exemption is defended as proper under *R. S.* 54:4-3.10, providing for the exemption of the property of "any exempt firemen's association, firemen's relief association and volunteer fire company * * * which is used exclusively for the purpose of the corporation." While there is no prohibition of a use of the property for pecuniary profit, the requirement as to exclusive user makes the exemption depend upon the condition that no part of the property be devoted to the uses of any entity other than the owner organization. *Trustees of Young Men's and Young Women's Hebrew Association of Newark* v. *State Board of Tax Appeals* (*Supreme Court, 1938*), 119 *N. J. L.* 504; 197 *Atl. Rep.* 372; *affirmed,* (*Court of Errors and Appeals,* 1938), 121 *N. J. L.* 65; 1 *Atl. Rep.* (2*d*) 367. In the present case, as of the assessing date, and continuously thereafter, a portion of the association's building was permanently rented at a fixed monthly stipend, as a garage for a fire truck owned by the Borough of Fairlawn. The property was therefore not exclusively used for the purposes of the association, as expressed in its certificate of incorporation.

The judgment of the County Board is reversed, and the assessment ordered restored to the tax rolls of the Borough of Fairlawn for the year 1939. As there was no testimony adduced by petitioner as to the true value of the property in question, the assessment will be ordered restored to the valuations fixed for the property by the assessor of the borough for the year in question, in the sum of $2,500, being $500 on land, $1,800 on improvements, and $200 on personalty.