### STATE BOARD OF TAX APPEALS.

GIRLS FRIENDLY SOCIETY OF PENNSYLVANIA, PETITIONER, v. CITY OF CAPE MAY, RESPONDENT.

Decided February 10, 1942.

For the petitioner, *Frederic M. P. Pearse* (by *George B. Pearse*).

For the respondent, *Samuel F. Eldredge*.

QUINN, President.   Petitioner is a New Jersey non-pecuniary corporation whose certificate of incorporation states as its purpose: "to provide health and recreational facilities for women and girls under the guidance of the Protestant Episcopal Church in the United States of America." It owns a building in the respondent taxing district which was assessed for 1940 taxes, and it asserts that its use of same entitles it to exemption from taxation for that year, under the provisions of *R. S.* 54:4-3.6; *N. J. S. A.* 54:4-3.6, exempting property "actually and exclusively used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children, or for religious, charitable  *  *  *  purposes, or for one or

more of such purposes * * * provided in case of all of the foregoing, the buildings, * * * or the * * * corporations * * * using them * * * are not conducted for profit * *. *."

An appeal for exemption was dismissed by the Cape May County Board of Taxation.

We suppose it may be said that in a broad sense the petitioner has been organized exclusively for the mental and moral improvement of women and female children, or for charitable purposes, since it provides in the building under appeal, a boarding house for summer vacations for some girls who cannot afford to pay for same, as well as for regular members of the society, who can and do pay. It cannot be likewise concluded, however, that the property is *exclusively* used in the work and for purposes of the petitioner, as set forth in its certificate of incorporation. Its facilities are made available to persons who are not its members, at rates in excess of those charged to members, and in addition it permits others to conduct activities in the building. Petitioner thus obviously fails to satisfy the statutory prerequisite that the property for which exemption is sought shall be "exclusively" used in the work and for the purposes of the owner organization. Exemption must be denied under the authority of *Trustees of Young Men's and Young Women's Hebrew Associations* v. *State Board* (*Supreme Court*, 1938), 119 *N. J. L.* 504; 197 *Atl. Rep.* 372; *affirmed* (*Court of Errors and Appeals,* 1938), 121 *N. J. L.* 65; 1 *Atl. Rep.* (*2d*) 367.

Judgment accordingly.