J-S62009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY DARNELL SAMUELS | |
| Appellant | No. 1758 MDA 2016 |

Appeal from the Judgment of Sentence entered September 6, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0001232-2016

BEFORE:  STABILE, MOULTON, and STRASSBURGER[*], JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 09, 2017**

Appellant, Anthony Darnell Samuels, appeals from the judgment of sentence entered on September 6, 2016 in the Court of Common Pleas of Dauphin County, following his conviction of terroristic threats.  18 Pa.C.S.A. § 2706(a)(1).  Appellant claims insufficiency of evidence and an excessive sentence.  Following review, we affirm.

The trial court aptly summarized the evidence presented at Appellant's bench trial as follows:

> A non-jury trial was held and [Appellant] was found guilty of terroristic threats.  Larita Brown testified to the events that took place on the night of February 16, 2016.  Ms. Brown was with her boyfriend waiting for the bus at the train station in Harrisburg, Pennsylvania when [Appellant, Ms. Brown's ex-boyfriend,] went

_____

* Retired Senior Judge assigned to the Superior Court.

over to Ms. Brown and demanded twenty ($20) dollars from her. Ms. Brown said "no" and [Appellant] followed her around the train station. Ms. Brown testified that this was an ongoing occurrence (where [Appellant] would demand money from her) and that Ms. Brown finally had enough and told [Appellant] "no more." Ms. Brown [who had a PFA against Appellant] felt threatened and sought out an Amtrak officer.

When the Amtrak Officer approached [Appellant] to ask him what was going on, [Appellant] took off and dropped his wallet and identification. Shortly thereafter, [Appellant] called Ms. Brown and again demanded money from her. At this time, Ms. Brown and her boyfriend got on the bus and two stops later, [Appellant] got on the bus. [Appellant] "charged to the back of the bus" and once again demanded money from Ms. Brown. While visibly shaking, Ms. Brown gave [Appellant] twenty ($20) and [Appellant] left the bus. Ms. Brown went home and [Appellant] continued to call her and demand money. Ms. Brown testified that she feels so threatened that if she does not answer the phone, something terrible is going to happen to her. Ms. Brown testified that during this phone call, [Appellant] once again threatened to kill her [as he had done earlier that evening on the bus]. Finally, on direct examination, Ms. Brown testified that she lives in fear of [Appellant].

The Commonwealth also introduced the testimony of Ben Stewart, a patrolman with the Swatara Township Police Department, who identified the phone number that had been calling Ms. Brown's as [Appellant's].

Trial Court Rule 1925(a) Opinion, 12/27/16, at 2-3 (footnotes and references to notes of testimony omitted).

The trial court found Appellant guilty of terroristic threats and sentenced him to not less than 24 months or more than 60 months in prison, plus a fine of $1,000 and costs. Appellant filed a motion to modify his sentence and the trial court denied that motion by order entered on October 10, 2016. This timely appeal followed. The trial court granted Appellant's motion to file a

Rule 1925(b) statement of errors complained of on appeal *nunc pro tunc*. Appellant filed his Rule 1925(b) statement in accordance with the court's order. The trial court subsequently filed its Rule 1925(a) opinion.

In this appeal, Appellant asks us to consider two issues:

1. Was the evidence at trial insufficient to prove beyond a reasonable doubt that the Appellant was guilty of terroristic threats where the Commonwealth failed to show that the Appellant had the intent to terrorize another[?]

2. Whether the trial court abused its discretion in sentencing Appellant to an aggregate sentence of two (2) to five (5) years of incarceration where the sentence is excessive and unreasonable in light of the Appellant's age, mental health issues, and rehabilitative needs.

Appellant's Brief at 6.

Appellant's first issue challenges the sufficiency of evidence. Our Supreme Court has explained:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted). We must evaluate the entire record and we must consider all evidence actually received. *Commonwealth v. Beasley*, 138 A.3d 39, 45 (Pa. Super. 2016) (quoting *Commonwealth v. Hansley*, 24 A.2d 410, 416

(Pa. Super. 2011) (additional citations omitted). In passing upon the credibility of witnesses and the weight of the evidence, the trier of fact is free to believe all, part or none of the evidence. *Id.*

Appellant was convicted of terroristic threats. 18 Pa.C.S.A. § 2706(a) provides, in relevant part, that "[a] person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to [] commit any crime of violence with intent to terrorize another." In **Beasley**, this Court noted:

> For a defendant to be convicted of terroristic threats,
>
> > the Commonwealth must prove that 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror. Neither the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense. Rather, the harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security.

*Id.* at 46 (quoting **Commonwealth v. Reynolds**, 835 A.2d 720, 730 (Pa. Super. 2003) (internal quotations and citations omitted)).

In its Rule 1925(a) opinion, the trial court observed:

> [T]his was not a spur-of-the-moment type of threat. [Appellant] had repeatedly demanded money from Ms. Brown. Even as Ms. Brown testified in court, she appeared visibly shaken. [Appellant's] threat was not made solely as a result of transitory anger. The relationship between Ms. Brown and [Appellant] has been contentious for quite some time as they started dating five or six years ago. [M]erely because a defendant is angry does not mean that he is not capable of making a terroristic threat. [Appellant's] actions began at the train station, continued onto a

- 4 -

public bus, and continued into the night with repeated calls to Ms. Brown. All these encounters involved threatening language by [Appellant]. This was not some spur-of-the-moment threat but an ongoing threat by [Appellant] when he demanded money from Ms. Brown. [Appellant] evinced a settled purpose to terrorize Ms. Brown throughout the evening (and many times prior) on February 16, 2016. [Appellant] directly threatened to kill Ms. Brown as evidenced by the record. Here, the Commonwealth came forward with evidence of a settled purpose to terrorize Ms. Brown,[FN] thus, [Appellant] is entitled to no relief on his sufficiency challenge.

[FN] Ms. Brown additionally testified that [Appellant] had choked her previously and that a PFA was issued against him. Ms. Brown also testified that she was in fear for her life.

Trial Court Rule 1925(a) Opinion, 12/27/16, at 5-6.

Appellant argues that his "words were said in the heat-of-the-moment when he saw Ms. Brown at the bus station with her new paramour." Appellant's Brief at 9. The record belies his assertion and the cases upon which Appellant relies, such as *Commonwealth v. Anneski*, 525 A.2d 373 (Pa. Super. 1987), are easily distinguished as involving factual scenarios where "a spur-of-the-moment threat result[ed] from transitory anger." *Id.* at 376.

As Ms. Brown explained, Appellant was aware of her new boyfriend prior to February 16, 2016. Further, Appellant's actions did not comprise "a" moment; they involved a series of events spanning a several-hour period. Appellant harassed and threatened Ms. Brown at the train station and on the bus. Those threats continued by phone after Ms. Brown returned to her home,

even though Ms. Brown had acceded to Appellant's demand for money, which she surrendered to him on the bus.

Viewing the evidence in the light most favorable to the verdict winner and giving the prosecution as verdict winner all reasonable inferences to be drawn from the evidence, we conclude—as did the trial court—that the evidence was sufficient to prove that Appellant made a threat to commit a crime of violence against Ms. Brown and that the threat was communicated with the intent to terrorize her. Appellant's sufficiency challenge fails.

In his second issue, Appellant argues that the trial court abused its discretion in imposing an excessive sentence of no less than 24 months or more than 60 months in light of Appellant's age, mental health issues, and rehabilitative needs.

In *Commonwealth v. Gould*, 912 A.2d 869 (Pa. Super. 2006), this Court stated:

> It is well-settled that appeals of discretionary aspects of a sentence are not reviewable as a matter of right. Our standard of review when an appellant challenges the discretionary aspects of his or her sentence is very narrow; the Court will reverse only where appellant has demonstrated a manifest abuse of discretion by the sentencing judge. Before a challenge to the sentence will be heard on the merits, an appellant, in order to invoke the Court's jurisdiction, must set forth in his brief a separate and concise statement of reasons relied upon in support of his appeal. *See* Pa.R.A.P. 2119(f)[.]

*Id.* at 872 (internal citations omitted). Here, Appellant has included the requisite Rule 2119(f) statement, asserting that "[a] claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raised

- 6 -

a substantial question as to whether the trial court abused its discretion in sentencing." Appellant's Brief at 12 (citing *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011)). Because Appellant has raised a substantial question, we shall consider the merits of the issue.

Again, Appellant argues that his sentence is excessive in light of his age, mental health issues, and rehabilitative needs.[1] However, Appellant does not explain in what way this sentence is excessive for his age (53 as of the date of sentencing). Rather, his focus is on mental health and drug addiction, and his assertion that he could become a productive member of society with treatment.

The trial court defended the imposition of Appellant's sentence, explaining:

> In the instant matter, this [c]ourt fashioned a sentence[] that takes into account the protection of the public, the rehabilitative needs of [Appellant], and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. This [c]ourt looked at the totality of [Appellant's] conduct. This [c]ourt, in preparation of sentencing, reviewed the presentence investigation, reviewed the sentencing memorandum prepared by trial counsel, and reviewed the sentencing guidelines for terroristic threats with intent to terrorize. [Appellant] had a prior record score of five (5). [Appellant] has an extensive criminal history dating back to 1982 including several charges for simple assault. [Appellant's] history also includes multiple charges for violating a PFA. Additionally, [Appellant] showed no remorse at the

---

[1] In its opinion, the trial court explained its reasons for imposing a sentence in the aggravated range. Rule 1925(a) Opinion, 12/27/16, at 6-8. Appellant is not claiming the sentence was excessive because it was in the aggravated range; he contends the sentence was excessive generally. Appellant's Brief at 17-19.

sentencing hearing and continues to put blame on the victim by calling her "a good actress."

As indicated at the sentencing hearing, this [c]ourt "deviated above the guideline range because [this court] believes, . . . the level of violence is very aggravated in this particular instance. There's been a history of abuse, intimidation, and threats and violence against the victim in this case. And so [this court] believe[s] for the protection of the victim, [and] to ensure public safety, [this court] believe[s] that the aggravated sentence is appropriate in this instance." N.T.[, Sentencing, 8/30/16, at] 15.[2] As such, this court fashioned a sentence that takes into consideration the protection of the public, the gravity of the offenses, and [Appellant's] rehabilitative needs.

Trial Court Rule 1925(a) Opinion, 12/27/16, at 7-8 (some brackets in original).

We conclude that Appellant has failed to demonstrate a manifest abuse of discretion on the part of the sentencing judge. Therefore, Appellant's challenge to the discretionary aspects of sentence fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017

_____

[2] At the conclusion of the sentencing hearing, the trial court announced that Appellant would undergo a mental health evaluation once incarcerated at a state correctional institution and ordered that Appellant follow through on any treatment recommend by that evaluation. N.T., Sentencing, 8/30/16, at 17. The September 6, 2016 sentencing order also includes that directive. Order, 9/6/16, at 1.