# SUPERIOR COURT OF NEW JERSEY
## MERCER VICINAGE

HON. MALA SUNDAR P.J.T.C.
t/a Superior Court, Law Division



Mercer County Courthouse
P.O. Box 8068
Trenton, NJ 08650-0068

Phone: (609) 571-4200, x76019
Fax: (609) 826-7088

September 28, 2022

Renee Steinhagen, Esq.
Bruce Afran, Esq.
Attorneys for Plaintiffs

Abiola G. Miles, Deputy Attorney General
Michelline Capistrano Foster, Deputy Attorney General
James Robinson, Deputy Attorney General
Attorneys for Defendants

Lawrence S. Lustberg, Esq.
Gibbons, P.C.
Nicole M. DuMuro, Esq.; James J. DiGiulio, Esq.
O'Toole Scrivo, LLC
Attorneys for Amici Curiae

Re:     New Jersey Citizen Action, et al. v. State of New Jersey et al.
        Docket No. MER-L-001968-2021

Dear Counsel:

This opinion decides defendants' motion to dismiss the only remaining portion of Count IV of the above referenced complaint for failure to state a cause of action for which relief can be granted under R. 4:6-2(e). That portion alleges Section 6 of L. 2021, c. 17 barring third-party appeals in the Tax Court, as being an unconstitutional prevention of access to the courts under the Prerogative Writs clause of the New Jersey Constitution (Art. VI, § 5, ¶ 4) (hereinafter In-Lieu Clause).[1] The defendants (collectively the "State") and amici argued that Section 6 does not bar the filing of in-lieu prerogative writs in the New Jersey Superior Court, thus, does not violate the In-Lieu Clause. Plaintiffs then asked this court to

---

[1] A third-party appeal is where a property owner or taxpayer challenges the local property tax (LPT) assessment or exempt status of another taxpayer's or owner's property on grounds it results in discrimination of the challenger's property's LPT assessment.






issue a declaratory judgment to clarify and make it known to taxpayers that third-party appeals can be filed in the New Jersey Superior Court as actions in lieu of prerogative writs under R. 4:69.

The parties and amici agree that Section 6 eliminated the Tax Court and the county boards of taxation as a venue for filing and adjudicating third-party LPT appeals. They also agree that Section 6 does not bar litigants' access to the courts under R. 4:69. Whether access to the courts under R. 4:69 as a means of instituting third-party appeals of LPT assessments/exemptions is the most efficient manner of redress is not an issue in the case where the only challenge raised is the facial constitutionality of Section 6. Since there is no justiciable controversy on the only remaining portion of Count IV of the complaint, the court grants the State's motion to dismiss the same with prejudice, and denies plaintiffs' cross-motion for summary judgment. For the same reason, the court also denies plaintiffs' proposed amendment to Count IV to include a claim for damages and attorney fees under the New Jersey Civil Rights Act as futile.

**BACKGROUND**

Prior to its amendment by L. 2021, c. 17 (hereinafter Chapter 17),[2] the statute governing third-party appeals before the Tax Court and county boards of taxation read as follows:

> [A] taxpayer feeling aggrieved by the assessed valuation of the taxpayer's property, or feeling discriminated against by the assessed valuation of other property in the county, or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district, or by the assessed valuation of property in another taxing district in the county, <u>may</u> … appeal . . . to the county board of taxation  . . . provided, however, that any such taxpayer or taxing district may . . . file a complaint directly with the Tax Court, if the assessed valuation of the property . . . exceeds $1,000,000.
>
> [N.J.S.A. 54:3-21(a) (emphasis added).]

---

[2]  Chapter 17 was enacted as a legislative response to the trial court's decision in <u>AHS Hosp. Corp. v. Town of Morristown</u>, 28 N.J. Tax 456 (Tax 2015).






The above statute codified a taxpayer's right to challenge another property's LPT assessment as early as 1906.  See L. 1906, c. 120, § 3; Twp. of Ewing v. Mercer Paper Tube Corp., 8 N.J. Tax 84, 90-91 (Tax 1985) ("it has been and still is the Legislature's purpose to afford the right to appeal essentially to any person whose tax payments are adversely affected by an improper assessment"); Atrium Dev. Corp. v. Cont'l Plaza Corp., 214 N.J. Super. 639, 641 (App. Div. 1987) (N.J.S.A. 54:3-21(a) by "its plain language . . . accord[s] standing to a taxpayer to challenge, on discrimination grounds, the alleged underassessment of the property of others in the district").

Courts have extended the reach of N.J.S.A. 54:3-21(a) to permit third-party challenges to the grant of LPT exemptions.  See City of Hackensack v. Hackensack Med. Ctr., 228 N.J. Super. 310, 313 (App. Div. 1988) (that "someone else may have received improper tax treatment does not entitle the taxpayer to an exemption . . . .  Rather, it may give rise to ground for any taxpayer in the taxing district to challenge such exemption") (citing among others, Post v. Warren Point Vol. Firemen's Assoc., 19 N.J. Misc. 367, 368 (Bd. of Tax Appeals 1941) which rejected an argument that a third-party appeal in N.J.S.A. 54:3-21 is limited to "the amount of an assessed valuation" and "does not authorize" a challenge to an "exemption."  The Board ruled that an assessed valuation includes "the entirety of the entry on the tax lists, including the notation of exemption" and a third-party is "certainly . . . discriminated against as a taxpayer, if an improper exemption has been" granted to property "owned by others").

Section 6 of Chapter 17 deleted the statutory provision permitting third-party LPT appeals in the Tax Court and county boards of taxation.  Thus, post-Chapter 17, the statute reads as follows (amendments indicated by italics and strikeout):

> [A] taxpayer feeling aggrieved by the assessed valuation *or exempt status* of the taxpayer's property, ~~or feeling discriminated against by the assessed valuation of other property in the county~~, or a taxing district which may feel discriminated by the assessed valuation *or exempt status* of property in the taxing district, or by the assessed valuation *or exempt status* of property in another taxing district in the

   

county, may … appeal . . . to the county board of taxation  . . . provided, however, that any such taxpayer or taxing district may . . . file a complaint directly with the Tax Court, if the assessed valuation of the property . . . exceeds $1,000,000.

[N.J.S.A. 54:3-21(a).]

The legislative history relative to the above amendments note that the proposed Section 6 of Chapter 17 "prohibits property taxpayers from filing property tax appeals with respect to the property of others."  Sponsor's Statement to A. 1135 12. "Eliminating this option would reduce property tax appeals, which are costly and create uncertainty in local government finances."  Ibid.  The proposed amendment to N.J.S.A. 54:3-21(a) "would not disturb the ability of local governments to appeal the assessment or exempt status of any property in the applicable county."  Ibid.  See also Assembly Approp. Comm. Statement to A. 1135 2 (Sep. 17, 2020) (proposed law "would eliminate" the "option" of third-party LPT appeals for a taxpayer).

## PROCEDURAL HISTORY

On September 28, 2021, plaintiffs filed a verified complaint for declaratory and injunctive relief against the State from "enacting, enforcing and/or otherwise acting upon" Chapter 17.  The complaint alleged four counts.  Counts I-III were later dismissed as withdrawn and an Order in this regard was entered on May 23, 2022.[3]

Count IV alleged that Section 6 violated the New Jersey Constitution's "right to redress" clause (Article I, ¶ 18) and the First Amendment of the federal Constitution (hereinafter "Petition clauses"), and "preservation of the" In-Lieu Clause.  Plaintiffs sought to have Section 6 declared null and void by a declaratory judgment and a permanent injunction "against further infringement of Plaintiffs right of redress and review of government action in the Superior Court" or other equitable relief.

---

[3] Counts I-III alleged that Chapter 17 was unconstitutional (1) as violating the Uniformity and Exemption clauses of the New Jersey Constitution, (2) being special legislation; and (3) as violating the Due Process and Equal Protection clauses.  Identical allegations were made in another litigation, Colacetti v. Murphy et al., Docket No. MER-L-000738-21, in which plaintiffs participated and argued these claims as amici.






On January 10, 2022, the State moved to dismiss the complaint for failure to state a cause of action for which relief can be granted under R. 4:6-2(e).[4]  In subheading C of its brief relative to Count IV of the complaint, the State argued that Section 6 did not violate the Petition clauses because a third-party LPT appeal was a statutory, not constitutional right, therefore can be altered or removed by the Legislature.  The State also maintained that Section 6 did not address, thus, did not eliminate the rights afforded under the In-Lieu Clause, therefore, a third-party LPT appeal could be filed under R. 4:69.  Amici supported the State's contentions.[5]

In response, plaintiffs filed a cross-motion for summary judgment, and separate briefs to address amici's contentions.  Since the State and amici agreed that third-party LPT appeals could be filed under R. 4:69, plaintiffs chose not to pursue their claim that Section 6 violated the Petition clauses.  Rather, they asked this court to issue a declaratory judgment that a third-party LPT appeal can be filed in the Superior Court via R. 4:69.  They also sought to amend Count IV in this regard (plaintiffs seek "a Declaratory Judgment that . . . ¶ 6 must be construed to permit such third-party taxpayers to file their complaints seeking review of the decisions made by local tax authorities directly in the Superior Court pursuant to R. 4:69 (Actions in Lieu of Prerogative Writs").

Plaintiffs' proposed amendment also sought to include a claim for violation of the New Jersey Civil Rights Act (NJ-CRA) against "any deprivation" of "constitutional" rights, and for attorney fees/damages in this regard.  They argued that since Chapter 17 "has created uncertainty as to whether the Legislature has deprived Plaintiffs and all the taxpayers they represent of their constitutionally protected right to challenge the tax assessment or exemption of other taxpayers," which was a

---

[4]  Since Counts I-III of the complaint were still viable at this time, the State moved to dismiss all four counts.

[5]  Amici curiae are the Independent Colleges and Universities of New Jersey and the Center for Non-Profit Corporations, Inc. (both represented by Gibbons, P.C.) and the New Jersey Hospital Association (represented by O'Toole Scrivo, LLC).  Their participation as amici was with consent of the parties.






"substantive right," and one included in the "deprivation of access to courts," declaratory relief is needed to ensure that "such 'right of action' still exists."

Plaintiffs' brief also challenged the third-party LPT appeal deletion as violating the Equal Protection clause. This cause of action was not alleged in the original complaint, thus, was not addressed in the State's initial dismissal motion. Nor was it included as a proposed amendment to the complaint.

The State opposed plaintiffs' Equal Protection argument on procedural and substantive grounds. It disputed the proposed amendment to include a claim under the NJ-CRA on grounds it would be futile since the parties and amici agreed that Section 6's repeal of third-party LPT appeals did not eliminate the constitutional remedy under the In-Lieu Clause.

**ANALYSIS**

The only portion of Count IV presently before the court is plaintiffs' (1) request for a declaratory judgment that a third-party LPT appeal can be filed before the Superior Court under R. 4:69; and (2) proposed amendment to Count IV to include a cause of action under the NJ-CRA.

A court can and should dismiss a complaint if the relief sought therein has become moot or is unfit for declaratory judgment. An issue is moot if there is no bona fide justiciable controversy. Here there is no bona fide disagreement. The only issue is whether there is a means for redress, i.e., access to the courts, for purposes of determining whether Section 6 is facially constitutional. Parties and amici agree that notwithstanding the prohibition in Section 6, a third-party LPT appeal can be instituted under R. 4:69. Therefore, there is nothing left to adjudicate in connection with Count IV presently before this court. See City of Camden v. Whitman, 325 N.J. Super. 236, 243 (App. Div. 1999) ("It is ingrained in our case law that courts of this state will not determine constitutional questions unless absolutely imperative to resolve issues in litigation. . . . That imperative level is never reached when the issues presented are non-justiciable").






Plaintiffs posit that regardless, this court should issue a declaratory judgment that a third-party LPT appeal can be filed under R. 4:69. As a matter of "statutory interpretation," plaintiffs argue, the court should find that the intent of Section 6 is ambiguous: did it eliminate third-party LPT appeals in toto, or did it not? The legislative history, they say, points to the former. See Sponsor's Statement to A. 1135 (proposed Section 6 would "prohibit[] property taxpayers from filing property tax appeals with respect to the property of others"). A declaratory judgment, plaintiffs argue, would "eliminate doubt as to the right of any taxpayer to challenge the assessment or tax-exemption of another taxpayer" under R. 4:69-5.

The State and amici contend that no such ambiguity exists because Section 6 simply eliminated a venue for filing third-party LPT appeals, i.e., in the Tax Court and county boards of taxation. See id. ("Eliminating this option [of third-party appeals] would reduce property tax appeals, which are costly and create uncertainty in local government finances"). Filing actions in lieu of prerogative writs always was, and remains, the State and amici contend, an available recourse for challenging third-party LPT appeals. Thus, the State maintains, "N.J.S.A. 54:3-21 was simply a formal statutory procedure for actions in lieu of prerogative writ against an assessor" (citing Macleod v. City of Hoboken, 330 N.J. Super. 502 (App. Div. 2000); Borough of Bradley Beach v. State Bd. of Tax Appeals, 124 N.J.L. 36 (E & A 1940)).[6]

---

[6] The State notes that apart from R. 4:69, taxpayers have a variety of remedies to correct discriminatory LPT assessments such as obtaining orders for revaluations and applying the Chapter 123 ratio (N.J.S.A. 54:1-35a; 1-35b; 54:51A-6) to a property's true value. However, revaluations are not third-party LPT appeals under N.J.S.A. 54:3-21(a). Further, Chapter 123 is implicated only after a value determination has been made by the court or a county board of taxation. See Passaic Street Realty Assoc., Inc. v. City of Garfield, 13 N.J. Tax 482, 484 (Tax 1993) (the court must "first . . . find the fair market value of the property" and then determine "the proper tax assessment of the property . . . after the application of" the Chapter 123 ratio). Chapter 123 is not implicated if the only issue is the entitlement of a property to a LPT exemption. Thus, the availability of these statutory remedies does not obviate the relief sought in Count IV of plaintiffs' complaint.

   

The plain language of N.J.S.A. 54:3-21(a), after its amendment by Section 6, is that a taxpayer cannot file a third-party LPT appeal either at a county board of taxation or the Tax Court. Because the repeal is clear and unambiguous, delving into the legislative history is unnecessary. DiProspero v. Penn, 183 N.J. 477, 492 (2005) ("the best indicator" of legislative intent "is the statutory language").

That Section 6 or N.J.S.A. 54:3-21(a) does not specify an alternate route to our courts, i.e., an alternative venue, available to litigants, does not render either of them ambiguous for purposes of deciding their facial constitutionality. What is clear is that Section 6 does not bar litigants' access to all the courts in our State. It is also clear that the Legislature did not foreclose the application of R. 4:69 for third-party LPT appeals in the Superior Court.[7] On its face, then, N.J.S.A. 54:3-21(a) does not eliminate the rights afforded by the In-Lieu Clause.

Whether the Legislature may have understood that the venue for most third-party LPT appeals is generally a county board of taxation or the Tax Court, or whether it should have added language that Section 6 was not intended to foreclose access to the courts under R. 4:69 for third-party LPT appeals, is irrelevant. What is of concern is the language of the enactment, here, the repeal of a taxpayer's ability to file a third-party LPT appeal under N.J.S.A. 54:3-21(a), which the court finds unambiguous. Cf. Johnson & Johnson v. Dir., Div. of Taxation, 461 N.J. Super. 148, 162-64 (App. Div. 2019) (plain language of a statutory amendment controls, thus, speculating why the Legislature omitted certain language is "effectively rewriting" the statute, a reversible error), aff'd, 244 N.J. 413, 414 (2020) (while the Legislature can "amend the [challenged] statute if it chooses to do so," the courts cannot).

It follows that plaintiffs' request for declaratory judgment relief in this regard is also moot. See e.g. Registrar & Transfer Co. v. Dir., Div. of Taxation, 157 N.J. Super. 532, 538 (Ch. Div. 1978) ("A

---

[7] For instance, R. 4:69-1 which permits "[r]eview, hearing and relief heretofore available by prerogative writs and not available under R. 2:2-3 or R. 8:2" in the Law Division of the Superior Court, was not amended to delete reference to R. 8:2. Rule 8:2 sets forth the Tax Court's jurisdiction for, among others, LPT appeals.






primary procedural requirement for a declaratory judgment action is that there exists a real controversy between the parties"), rev'd on other grounds, 166 N.J. Super. 75 (App. Div. 1979); New Jersey Ass'n for Retarded Citizens, Inc. v. Dep't of Human Servs., 89 N.J. 234, 241 (1982) (a court can "render declaratory relief when there is an actual dispute between parties who have a sufficient stake in the outcome"). Contrary to plaintiffs' argument, the need to educate the public on the availability of R. 4:69, is not of such public importance that the court should ignore the absence of controversy, i.e., the mootness of Count IV, and issue a declaratory judgment.

A lack of a controversy also bars the grant of injunctive relief, an equitable remedy. See Crowe v. DeGioia, 90 N.J. 126, 132-34 (1983) (injunctive relief requires a showing of (1) irreparable harm; (2) settled legal right to an asserted claim; (3) a reasonable probability that plaintiff will succeed on the merits of its claim; and (4) more hardship to plaintiff than to defendant without an injunction). Cf. GMC v. City of Linden, 143 N.J. 336, 346-47 (1996) (if there is an adequate remedy to challenge a state tax assessment, which means that the "a state remedy need only satisfy minimal procedural criteria" then granting an injunctive or declaratory relief is improper) (citations and internal quotation marks omitted).

Whether filing a third-party LPT appeal under R. 4:69 is more burdensome or more efficient need not be decided here where the complaint only addressed the facial constitutionality of Section 6. See e.g. Donadio v. Cunningham, 58 N.J. 309, 325 (1971) (declaratory judgment relief should not be granted if "the request is in effect an attempt to have the court adjudicate in advance the validity of a possible defense in some expected future law suit"); New Jersey Tpk. Auth. v. Parsons, 3 N.J. 235, 240 (1949) ("the understandable policy of the courts [is] to refrain from rendering advisory opinions, from deciding moot cases, or generally from functioning in the abstract, and to decide only concrete contested issues conclusively affecting adversary parties in interest") (citation and internal quotation marks omitted). Speculating here, on the pros and cons of how a third-party LPT appeal will fare on its merits when filed under R. 4:69, would be improperly rendering an advisory opinion. See e.g. G.H. v. Twp. of






Galloway, 199 N.J. 135, 136 (2009) (declining to provide guidance on the limits of Megan's law or advice in this regard since courts "cannot answer abstract questions or give advisory opinions. . . . The judicial function operates best when a concrete dispute is presented to the courts"); State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016) ("When a party's rights . . . [lose] concreteness" due to "developments subsequent to the filing of suit, the perceived need to test the validity of the underlying claim of right in anticipation of future situations is, by itself, no reason to continue the process") (citation omitted).

*Equal Protection*

Although the court can reject the claim of Equal Protection violation because it was never alleged in Count IV, thus, cannot be raised for the first time in a responsive cross-motion for summary judgment, it will address the same since the issue is purely legal.

Plaintiffs argue that Section 6 violates the Equal Protection clause because a taxing district can challenge any LPT assessment or exempt status in the Tax Court or a county board of taxation, but a third-party taxpayer cannot. The court is unpersuaded. Tax statutes survive an attack of equal protection violation if the alleged statutory classification has a rational, i.e., any conceivable, basis. Armour v. Indianapolis City, 566 U.S. 673, 680-82 (2012) ("Legislatures have especially broad latitude in creating classifications and distinctions in tax statutes," and a "tax classification [is] constitutionally valid if there is a plausible policy reason for the classification . . . and the relationship of the classification to its goal is not so attenuated as to render the distinction arbitrary or irrational"); Ramos v. Passaic City, 19 N.J. Tax 97, 103 (Tax 2000) ("a legislative classification will be presumed valid, even if it has the effect of treating some differently from others, so long as it bears some rational relationship to a permissible state interest"); Garma v. Twp. of Lakewood, 14 N.J. Tax 1, 15 (Tax 1994) ("the Equal Protection Clause does not require that all persons be treated alike. Rather, it requires that similar persons be treated similarly, and that people of different circumstances be treated differently").






Here (presuming plaintiffs are contending that a taxing district is similar to a third-party taxpayer in that both seek to challenge the LPT assessment or exemption of some other taxpayer's property), Section 6 does not deprive the right of appeal to either a municipality or a third-party taxpayer. All here agree that Section 6 took away the venue, i.e., the Tax Court and county boards of taxation, for a third-party LPT appeal by a taxpayer, but it did not bar access to another venue, the Superior Court via R. 4:69. Thus, there is no disparate treatment. Additionally, as the State reasonably contends, the taxing districts are the most invested in the uniformity of assessments. More specifically, their assessors have a constitutional obligation to ensure the same. Thus, Section 6's goal of reducing duplicate appeals which have the same agenda (increasing a LPT underassessment or removing a LPT exemption) is rational and justified by the legislative endeavor to reduce costs and potential duplication of challenges to a property's assessment/exemption. See Sponsor's Statement to A. 1135 (Section 6 "would reduce property tax appeals, which are costly and create uncertainty in local government finances").

*Inclusion of a Claim Under the NJ-CRA*

A "person who has been deprived of substantive due process or equal protection rights" or "substantive rights" under the federal or state constitution, can seek damages, injunctive or other relief, and may be awarded attorney fees. N.J.S.A. 10:6-2(c)-(f). Thus, a claim under the NJ-CRA is contingent upon, or presupposes, the finding of a constitutional violation. It follows that if there is no such violation, then there is no independent cause of action under the NJ-CRA.

Here, after the complaint was filed, the State and amici did not dispute that third-party LPT appeals can be filed under R. 4:69, therefore, contended that there was no violation of the In-Lieu Clause. Fully aware of this position, plaintiffs still cross-moved for summary judgment even after abandoning their claims of Section 6's violation of the Petition clauses. Therefore, plaintiffs' attempt to include a claim in Count IV under the NJ-CRA is dubious. In any event, when all agree that Section 6 does not bar the application of R. 4:69 to third-party LPT appeals, there is no violation of the In-Lieu Clause, and






thus, no deprivation of a constitutional right, therefore there is no implication of the NJ-CRA. The State is correct that no purpose would be served in permitting an amendment to Count IV to include a cause of action under the NJ-CRA since the basis for a claim under that statute does not exist.

In sum, the court finds that there is no justiciable controversy as to the remaining portion of Count IV of the complaint. Although plaintiffs argued an Equal Protection clause violation in their brief without ever having alleged such a claim, the court finds no merits to this assertion. The court also finds that in the absence of a justiciable controversy, plaintiffs' proposed amendment to their complaint to include as a cause of action under the NJ-CRA is futile.

**CONCLUSION**

At the time the complaint was filed, which then triggered the State's motion under R. 4:6-2(e), Count IV amply demonstrated the cause of action: facial unconstitutionality of Section 6 under the Petition clauses and the In-Lieu Clause. The relief sought was also evident - striking and enjoining the enforcement of Section 6. Thus, a dismissal of Count IV under R. 4:6-2(e) was unwarranted at that time. See Mack-Cali Realty Corp. v. State, 250 N.J. 550, 553 (2022) (when deciding a motion to dismiss under R. 4:6-2(e), a court should examine the allegations facially using "a generous and hospitable approach" and grant such motion "only the rarest of instances") (citation and internal quotation marks omitted).

However, as explained above, when plaintiffs cross-moved for summary judgment, there was nothing left for this court to decide, thus rendering the proposed amendment to Count IV to include a cause of action under the NJ-CRA futile. Therefore, and at this time, the State's motion to dismiss under R. 4:6-2(e) is viable for consideration. A declaratory judgment cannot be used as a vehicle to advise the public that the parties agree R. 4:69 applies to a taxpayer's third-party LPT appeals, and thus it cannot overcome the lack of a case or controversy in this matter. Therefore, the court (1) grants the State's motion to dismiss the remaining portion of Count IV of the complaint with respect to the In-Lieu Clause with prejudice; (2) denies plaintiffs' cross-motion for summary judgment; and (3) denies plaintiffs'






proposed amendment to include a claim under the NJ-CRA to the remaining portion of Count IV of the complaint with respect to the In-Lieu Clause. A judgment reflecting the same will be separately entered.

          /s/ Mala Sundar
          Hon. Mala Sundar, P.J.T.C.
          t/a Superior Court, Law Division




